UNITED STATES, Appellee

v

NORMAN L. MABRY, Staff Sergeant,
U. S. Army, Appellant

17 USCMA 285, 38 CMR 83

*Colonel Daniel T. Ghent, Captain Paul V. Melodia,* and *Captain Thomas D. Wise* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick* and *Captain William R. Steinmetz* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

By his pleas of guilty, the accused was convicted of two specifications of willful disobedience of a lawful command, in violation of Uniform Code of Military Justice, Article 90, 10 USC § 890. One of the orders was "to get your gear ready and go on a combat ambush patrol;" the other being "to go to the field with the Company."

Evidence of accused's eight years' prior honorable service was introduced, and Sergeant Mabry expressed a desire to remain in the service. He stated circumstances "sort of built up in my mind and I couldn't go out any more." On cross-examination, he further declared that, if returned to duty in his unit, he would not accompany it on combat operations. Trial counsel in his argument admitted Mabry's record was good and based his contention for a severe sentence on the seriousness of accused's crimes. The law officer limited his instructions on the punishment to the maximum sentence which might be imposed—dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for ten years, and reduction—and the mechanics of voting. In addition, however, he added that the maximum for each count was five years.

The law officer's failure to instruct the court more fully regarding the matters it should consider was erroneous. United States v Wheeler, 17 USCMA 274, 38 CMR 72. Under the circumstances, however, the error was not prejudicial. The matter presented in mitigation was limited; accused offered no real explanation of his failure to comply with orders basic to the function of any military organization; and the court-martial adjudged a sentence which did not exceed half the maximum. In light of the simplicity of the matters presented and the punishment, we conclude there was no fair risk of harm from the erroneous lack of further instructions. Code, supra, Article 59(a), 10 USC § 859(a).

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

I concur in the result. See my separate opinion in United States v Wheeler, 17 USCMA 274, 38 CMR 72.