## UNITED STATES

### v.

**Keith COOPER, 569 92 5592, Airman Apprentice (E-2), U. S. Naval Reserve.**

### NCM 77 0504.

U. S. Navy Court of Military Review.

3 June 1977.

LT Karl Zobrist, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before MURRAY, Senior Judge, and MALLERY and GREGORY, JJ.

MALLERY, Judge:

Contrary to his pleas, appellant was convicted, at a special court-martial with members, of possession, transfer and sale, on two separate occasions, of phencyclidine, a proscribed drug. He was sentenced to a bad conduct discharge, confinement at hard labor for 6 months, forfeiture of $249.00 pay per month for 6 months, and reduction to pay grade E–1. The convening and supervisory authorities approved the sentence as adjudged.

During the presentencing procedure, the prosecution's sole evidence in aggravation consisted of only four exhibits: a record of nonjudicial punishment, an enlisted performance record, and two reports of enlisted performance evaluation. The defense's sole evidence in mitigation and extenuation also consisted of only four exhibits: an enlisted classification record, an announcement of a Battle Efficiency "E" awarded to appellant's ship, a letter commending appellant's performance of duty while awaiting trial, and a letter from appellant's mother in praise of her son.

The military judge's only presentencing instruction to the Court relating to the evidence in mitigation, extenuation, and aggravation was as follows:

The court may consider all matters in extenuation and mitigation as well as those in aggravation, whether introduced before or after the findings. You should consider the background of the accused, his military character, reputation for service, and the exhibits, of course, that you have now before you.

Now, appellant assigns the following error:

THE MILITARY JUDGE ERRONEOUSLY AND PREJUDICIALLY FAILED TO TAILOR THE PRESENTENCING INSTRUCTIONS TO THE DOCUMENTARY EVIDENCE PROVIDED BY THE DEFENSE.

We agree that the military judge's presentencing instructions were erroneous, but we do not agree that appellant was prejudiced thereby.

In *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967), the Court of Military Appeals stated, as follows:

Summed up, then, the whole thrust of this Court's opinions regarding presentence instructions has been to require the law officer to delineate the matters which the court-martial should consider in its deliberations. . . . This is particularly true in light of the range of punishments to which a military accused may be subjected under the Code—"as a court-martial may direct"—when compared to those imposable by a civil court. In short, we reiterate here the duty of the law officer to tailor his instructions on the sentence to the law and the evidence, just as in the case of his prefindings advice.

However, the Court added the following:

Of course, there will be many cases in which the situation will be such that either there is nothing for the law officer to embody in his advice to the court or in which the accused's own evidence leaves nothing to be said. In such instances, though omission of the full advice as to the court's discretion is erroneous, the limitation of his instructions may not be prejudicial. See *United States v. Mabry*, 17 U.S.C.M.A. 285, 38 C.M.R. 83, this day decided. Nevertheless, to avoid the possibility of prejudice and consequent reversal, we urge law officers carefully to shape their instructions on the sentence to the evidence presented and to inform the court members fully as to their responsibilities.

In *Wheeler*, the accused had offered extensive evidence of long and honorable service as a career noncommissioned officer. Further, all of his offenses had occurred in the 14 months immediately preceding trial

and had apparently resulted from his alcoholism for which he was later treated. The military judge's presentencing instructions consisted solely of stating the maximum authorized punishment and advising the court of the voting procedure it was to follow. Under the circumstances, the Court of Military Appeals held that the instructions were erroneous and prejudicial to the accused.

In *United States v. Holcomb*, 18 U.S.C. M.A. 202, 39 C.M.R. 202 (1969), in which the evidence in mitigation and extenuation was also extensive but in which the military judge's instructions were somewhat more detailed, the Court of Military Appeals stated, as follows:

The second matter presented by the Judge Advocate General's certificate deals with the sufficiency of the sentence instructions as measured by the standards prescribed in *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72. There, we held that instructions only as to the maximum permissible punishment and the voting procedure for determination of the sentence were prejudicially inadequate in light of the substantial evidence of mitigation. Among other things, the law officer in this case instructed the court members to consider "all the facts" in the case, including matters in "extenuation and mitigation." He referred specifically to such items as the accused's background, his character, and his record in the service "for good conduct and efficiency, or other traits which characterize a good sailor." In our opinion, these instructions sufficiently reminded the court members of the relevant sentence evidence it should consider.

The Court of Military Appeals found no prejudicial error in *Holcomb*.

The facts in the case, *sub judice*, are different from those in either *Wheeler* or *Holcomb*. In this case, there was little evidence in mitigation or extenuation and there was very little the military judge could have said about it. Further, the military judge's presentencing instructions in this case were more detailed than they were in *Wheeler*—though slightly less detailed than they were in *Holcomb*.

We believe that the military judge in the case, *sub judice*, erred in not referring in greater detail to the evidence in mitigation and extenuation. However, we are convinced that the minimal nature of such evidence required very little comment and that the absence of such comment was not prejudicial to the rights of appellant. Nevertheless, we feel it is incumbent upon us to remind all trial military judges that they should in every case ". . . carefully shape their instructions on the sentence to the evidence presented. . . ." *United States v. Wheeler, supra.*

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge MURRAY and Judge GREGORY concur.