UNITED STATES

v.

Marion L. WILLIAMS, 250 58 1512, Chief
Navy Counselor (E–7), U. S. Navy.

NCM 78 0379.

U. S. Navy Court of Military Review.

Sentence Adjudged 1 Dec. 1977.

Decided 12 Jan. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

GRANGER, Judge:

The case is referred to this Court by the Judge Advocate General of the Navy, pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, for consideration of whether the convening authority increased the severity of appellant's punishment when he commuted appellant's sentence.

Appellant, a chief petty officer with more than 21 years of active military service, was convicted of a series of thefts from the Chief Petty Officers' Mess aboard his ship. He was sentenced to 12 months confinement at hard labor, forfeiture of $200.00 pay per month for 12 months and reduction to pay grade E–5. The convening authority commuted the sentence to 7 months confinement at hard labor and forfeiture of all pay and allowances for the period of confinement. He approved the reduction as adjudged.

Appellant complains that this commutation actually increased the severity of his sentence and was therefore illegal. He invites attention to the fact that the court members adjudged no forfeiture of allowances, and he argues that the convening authority cannot restructure the sentence to include such additional money. The Government, in a one paragraph concession of error, has concurred in appellant's position. The one case Government counsel cites in support of this position is inapposite. We believe this concession is unfounded, and we therefore reject it. *See United States v. Wille,* 9 U.S.C.M.A. 623, 26 C.M.R. 403 (1958). We find no merit in appellant's assignment of error.

■ It is of no moment that the sentence, as commuted, assesses punishment in some form other than that originally adjudged. The power of intermediate reviewing authorities to change the punishment adjudged to some other form of punishment has been recognized since 1960. *See United States v. Russo,* 11 U.S.C.M.A. 352, 29 C.M.R. 168 (1960). That power is circumscribed by two limitations: (1) The sentence as changed must be one which is within the court's sentencing power, and (2) punishment cannot be commuted to punishment more severe. *United States v. Christensen,* 12 U.S.C.M.A. 393, 30 C.M.R. 393 (1961).

Here, the sentence to 7 months confinement at hard labor, forfeiture of all pay and allowances for the period of confinement, and reduction in grade was within the jurisdictional limits of appellant's general court-martial. The remaining issue is whether the sentence, as commuted, is more severe than the sentence adjudged.

■ The Court of Military Appeals has acknowledged that weighing the severity of various categories of punishment is akin to comparing "chalk with cheese." *Id.* at 395, 30 C.M.R. at 395, *citing United States v. Kelly,* 5 U.S.C.M.A. 259, 17 C.M.R. 259 (1954) (Brosman, J. concurring in result). The higher Court, noting that there is no common denominator in the different forms of punishment, concluded that great latitude must be allowed the convening authority in the commutation of sentences and that "the best workable rule requires an affirmance of his judgment on appeal unless it can be said that, as a matter of law, he has increased the severity of the sentence." *United States v. Christensen, supra,* at 395, 30 C.M.R. at 395.[1]

In weighing the relative severity of confinement and forfeitures, some guidance is found in Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, which permits punishment in the form of forfeitures but does not permit confinement, except under

---

1. Of course, this Court has the additional responsibility to review the record and determine the appropriateness of the punishment in light of the facts as found by this Court. *Compare* Article 66(c) and Article 67(d), UCMJ, 10 U.S.C. §§ 866(c), 867(d).

special circumstances. From this it may be concluded that the Congress considered forfeitures the lesser of the two punishments. *See United States v. Christensen, supra.*

■ On the other hand, the *Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 127*c*(2), lists as equivalent 1 day of confinement and 1 day's pay. This would indicate that loss of 1 day's pay *and allowances* is *greater* punishment than is 1 day of confinement. Even using the Manual formula, however, when we convert confinement to pay, and calculate the amount of money accruing to appellant under each sentence, we find that appellant fares slightly better under the sentence as commuted. But his superior position under the new sentence is even more pronounced, because this mechanistic approach fails to take into account the "unliquidated losses" (*see United States v. Christensen, supra*) flowing from confinement. Time spent in confinement is not included in determining appellant's cumulative years of active service, and consequently reduces his ultimate retired pay. The loss of prestige and social status, the severe abatement of privileges, and the generally ignominious circumstances encountered by the incarcerated convict—particularly a 39-year-old chief petty officer—are factors not easily converted to dollars and cents, but they certainly weigh heavily in comparison to the pay and allowances appellant loses through the commutation of his sentence. We conclude that appellant's sentence, as commuted, is not more severe than that originally imposed.

■ We also consider the sentence, as commuted, to be appropriate. Generally speaking, a sentence should call for the minimum amount of confinement that is consistent with the maintenance of good order and discipline, the gravity of the offense, and the rehabilitative needs of the accused. *See* ABA Standards, Sentencing Alternatives and Procedures § 2.2 (1968). Further, the record reflects that appellant, through his theft, was unjustly enriched in an amount of approximately $13,000. During the excellent presentation of the defense case at the presentence hearing, no emphasis was placed upon financial distress, whereas much was made of the fact that appellant was a husband and a father of eight children, and that his presence at home was critical for his family. Despite appellant's post-trial protestations regarding this commutation, we conclude that the reduction in confinement and increase in monetary punishment is eminently appropriate, and not without legal precedent. This Court took similar action in the unpublished case of *United States v. Lott,* No. 74 0080 (N.C.M.R. 20 February 1974).

It is significant that the relief appellant seeks is the setting aside of only that part of the commutation increasing his forfeitures. What he wants is to avoid both the original sentence to confinement and the commuted sentence of forfeitures. But he is not entitled to that relief, for if we found that the convening authority increased the severity of the sentence, his act would be illegal, but the lesser punishment, *i. e.,* the original sentence, could be approved by him on remand. *See United States v. Christensen, supra.*

■ We find no merit in appellant's remaining assignment of error. The military judge adequately tailored his instructions to the extenuation and mitigation evidence. *See United States v. Holcomb,* 18 U.S.C. M.A. 202, 39 C.M.R. 202 (1969). More detailed description of the extenuating and mitigating evidence was unnecessary, because the members had little else to consider. Appellant pleaded guilty and the Government offered only a one-sentence stipulation in aggravation. The presentence hearing was short, testimony of the defense witnesses was perforce fresh in the minds of the members, and the remaining extenuating and mitigating evidence was in the form of exhibits taken by the members to the deliberation room. Further, the sentence convinces us that the members placed great weight on the evidence presented by the defense. Even if the military judge had failed to properly tailor his instructions, no prejudice is reflected in the record. *See United States v. Cooper,* 3 M.J. 738 (N.C.M. R.1977).

The findings and sentence, as approved and commuted below, are affirmed.

Senior Judge BAUM and Judge MICHEL concur.