**UNITED STATES**

v.

**Airman Douglas A. WHITTIER, FR 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 United States Air Force.**

**ACM 23415.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1982.

Decided 18 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William H. Lamb.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

The accused was convicted, pursuant to his pleas, of three transfers of lysergic acid diethylamide (LSD), introduction of LSD into a military base, and possession of LSD and marijuana, violations of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The adjudged sentence was a bad conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, payment to the United States of a fine of $500.00, and reduction to airman basic. This sentence was approved in all respects by the convening authority except that the period of confinement was reduced to one year pursuant to a pretrial agreement. The accused now asserts that the military judge erred by: (1) denying a defense motion to credit the accused with 52 days of unlawful pretrial confinement, and (2) refusing to tailor the presentencing instructions to include those matters presented by the defense. We agree that error was committed and reassess the sentence.

The accused took the stand and testified for the limited purpose of describing his treatment in pretrial confinement. His unrebutted testimony shows a prisoner who is up at 0500 and in bed at 2100 hours, following the same schedule set for sentenced prisoners; who works with, eats with, marches with, and relaxes with sentenced prisoners. The only distinctions between the accused and sentenced prisoners which appear in the record are the labelling of his cell, which was designated for pretrial confinement and which he shared with another pretrial confinee, and the stripe he wore.

Air Force Regulation 125–18, Operation of Air Force Correction and Detention Facilities, paragraph 1–1, 1 February 1980, sets forth the general philosophy on which the Air Force correction program is based. That philosophy is that "a prisoner is sentenced to confinement *as* punishment, and not *for* punishment." (emphasis added). However, it is clear that although conditions may be virtually the same for pretrial confinees and sentenced prisoners, they should under no circumstances be required to work together. *United States v. Nelson,* 18 U.S.C.M.A. 177, 39 C.M.R. 177 (1969); *United States v. Bayhand,* 6 U.S.C.M.A. 762, 21 C.M.R. 84 (1956). Since the conditions of confinement rose to the level of punishment, that factor should have been presented to the court for their consideration in arriving at an appropriate sentence. Manual for Courts-Martial, United States, 1969 (Rev.), para 75*b*(1). Accordingly, we will reassess.

Pursuant to the Court of Military Appeals decision in *United States v. Lynch,* 13 M.J. 394 (C.M.A. 1982), an administrative credit for 52 days of unlawful pretrial confinement is also in order. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R. 1982).

Further, during the presentencing portion of the trial the military judge refused to include the personal and family background of the accused and his remorse over having committed the offenses in his instructions as matters in mitigation or extenuation. This was error. *United States v. Wheeler,* 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967). Although this error is not necessarily prejudicial, *U.S. v. Mabry,* 17 U.S.C.M.A. 285, 38 C.M.R. 83 (1967), out of an abundance of caution and because the military judge also failed to advise the accused that a fine could be imposed pursuant to his plea of guilty, we will reassess. *U.S. v. Whitekiller,* 8 M.J. 620 (N.C.M.R. 1979).

For the foregoing reasons, we have reassessed the sentence and, in view of the convening authority's approval of a sentence in compliance with the pretrial agreement, only so much of the sentence as pro-

vides for a bad conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to airman basic is approved. An administrative credit of 52 days is ordered.

The findings of guilty and the sentence, as modified, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

POWELL and KASTL, Senior Judges, concur.