**UNITED STATES**

v.

**Larry Stanley LUCKMAN, 518 40 7675, Master Chief Machinist's Mate (E–9), U.S. Navy.**

**NMCMR 83 4971.**

U.S. Navy-Marine Corps Court of Military Review.

Decided 8 June 1984.

LT Col M.W. Lucas, USMC, Appellate Defense Counsel.

LT Charles M. Fresher, JAGC, USNR, Appellate Government Counsel.

Before J.J. GREGORY, Senior Judge, and MITCHELL and BARR.

BARR, Judge:

Appellant was tried and convicted, contrary to his pleas, by general court-martial of wrongfully appropriating a motor and pump belonging to the U.S. Government, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. The court-martial, composed of officer members, sentenced appellant to forfeit $400.00 pay per month for five (5) months, and to be reprimanded. Subsequent to trial, appellant submitted a request to be transferred to the Fleet Reserve. The staff judge advocate, citing the policy of Commander, Naval Military Personnel Command to not approve such a request until the entirety of an adjudged and approved sentence has been served and, at the same time, expressing his opinion that appellant should "experience the full penalties of the sentence adjudged," proposed an action which would modify the adjudged sentence to forfeitures "so that the forfeiture of $2000.00 is allocated at the rate of $1000.00 per month for two (2) months, and that the accused's request for transfer to the Fleet Reserve be executed at the end of that two (2) month period." The convening authority, acting on this advice, "commuted" the adjudged forfeitures to forfeitures of $1000.00 pay per month for two months.

It is in this posture that the case comes to this Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866, upon submission by the Judge Advocate General, pursuant to the provisions of Article 69, UCMJ, 10 U.S.C. § 869, and Rule 2b, Rules of Practice and Procedure for Courts of Military Review, with the following issue specified:

IS THE CONVENING AUTHORITY'S ACTION CHANGING THE ADJUDGED FORFEITURE OF $400.00 PER MONTH FOR FIVE MONTHS TO FORFEITURE OF $1,000.00 PER MONTH FOR TWO MONTHS, PERMISSIBLE AS A MATTER OF LAW? PARAGRAPHS 88a AND 88c, *MANUAL FOR COURTS-MARTIAL, 1969 (Rev.). UNITED STATES v. FEDORCHAK,* NO. 83 2413 (NMCMR 22 AUGUST 1983). *SEE ALSO UNITED STATES v. JOHNSON,* 12 USCMA 640, 31 CMR 226 (1962).

■ A convening authority's power to commute, that is, change, a sentence adjudged by a court-martial, though admittedly broad, is subject to the limitations that the "commuted" sentence must be one that the court-martial had the power to adjudge and must be no more severe than the sentence originally adjudged by the court-martial. *United States v. Christensen,* 12 USMCA 393, 30 CMR 393 (CMA 1961). We are here concerned only with the application of the latter limitation to the action in this case.

■ A different panel of this Court has recently addressed the identical legal issue now presented and there held that the action of a convening authority in changing adjudged forfeitures of $352.00 pay per month for three months to approved forfeitures of $429.00 pay per month for a period of 75 days resulted in an increase in the severity of the sentence. *United States v. Fedorchak,* No. 83 2413 (NMCMR 22 August 1983). We find this conclusion to be legally sound and adopt it as the law of this case. The case of *United States v. Williams,* 6 MJ 803 (NCMR 1979), relied upon by the staff judge advocate as precedent for his advice, is both factually and legally inapposite. In *Williams,* the sentence adjudged extended to confinement at hard labor for 12 months and forfeitures of $200.00 pay per month for 12 months. The convening authority in that case commuted the sentence to seven months confinement and forfeitures of all pay and allowances for a like period. This Court's approval of the recited action in commutation was a recognition that, in order of severity, five months confinement could be commuted to forfeitures such that, when added to adjudged forfeitures, a sentence extending to total forfeitures of pay and allowances was a permissible equal or lesser punishment. Had the confinement adjudged in *Williams* not been changed in quantity, with only the forfeitures being affected by the commutation action, a far different decision would

have obtained. We thus answer the specified issue in the negative.

Finding the action of the convening authority to amount to an increase in the severity of the sentence does not conclude the matter. We must next determine the disposition to be taken in the case. The Court in *Fedorchak* approved only so much of the sentence, as to forfeitures, as provided for forfeitures of $352.00 pay per month for two months-lesser in quantity and duration. We choose a different disposition.

■ The expressed justification for the convening authority's action in changing the sentence was for administrative convenience. A breach of one of the limitations which circumscribe the power of commutation cannot be justified merely on the ground that the sentence as changed is administratively more convenient than that adjudged by a court-martial. *United States v. Johnson*, 12 USCMA 640, 31 CMR 226 (CMA 1962). However, it is eminently clear, from the rationale expressed in the staff judge advocate's review, as stated above, and its adoption by the convening authority, that the convening authority found the sentence adjudged to be appropriate. The convening authority's reasons for "commuting" the sentence did not include a desire to relieve appellant of any of the burdens as to quantity of financial deprivation which accompanied the monetary form of punishment adjudged. In this regard, the convening authority's choice of the word "commuted" rather than "mitigated" is telling. We see no sound reason why the intention of the convening authority, to exact the full measure of punishment adjudged, cannot now be effectuated—if that intention still pertains.

The sentence of the court is legal. The action of the convening authority is illegal, of no effect, and is set aside. The record of trial is returned to the Judge Advocate General for forwarding to the convening authority for preparation of a new action in consonance with the opinion of law herein expressed. *See United States v. Johnson, supra; Bernard v. Commander, Naval Surface Forces, U.S. Atlantic Fleet,* 9 MJ 820 (NCMR 1980).

Judge MITCHELL concurs.

Senior Judge GREGORY (Absent).