UNITED STATES, Appellee,

v.

Staff Sergeant Leonard L. ANDERSON, 433–96–9771, United States Army, Appellant.

CM 447580.

U.S. Army Court of Military Review.

30 April 1986.

For Appellant: Captain Peter D.P. Vint, JAGC (argued); Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC (on brief).

For Appellee: Captain Susan E. Fine, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## MEMORANDUM OPINION

De GIULIO, Judge:

In accordance with his pleas, appellant was found guilty of one specification of sodomy and two specifications of rape of his nine-year-old step-daughter. A general court-martial composed of officers sentenced him to confinement for two years. The convening authority approved the sentence.

During the presentencing proceeding, the military judge instructed the court members as follows:

At the request of the prosecution, the court takes judicial notice of the fact that there exists a comprehensive program of treatment for child molesters at the United States Disciplinary Barracks at Fort Leavenworth, Kansas; and has been recognized as a leader in the field. Now you are instructed that you may, but you're not required to accept as conclusive any matter that I judicially notice. But you may accept it as evidence if you seek that.

Appellant alleges that the military judge erred to his substantial prejudice by taking judicial notice of critical facts reasonably disputed at trial and requests a rehearing on sentence. The government contends that the military judge properly took judicial notice of the fact of the existence of a comprehensive program of treatment of child molesters at the United States Disciplinary Barracks, but concedes that the military judge's characterization of the quality of the program went beyond the scope of judicial notice. We agree with the government.

We believe that the fact that the Disciplinary Barracks has a comprehensive treatment program is an adjudicative fact not subject to reasonable dispute in that it is capable of accurate and ready determina-

tion by resorting to sources whose accuracy cannot reasonably be questioned as contemplated by Mil.R.Evid. 201(b), MCM, 1984.[1] Therefore, the military judge did not err in taking judicial notice of that fact. It appears, however, that the quality of the program may be subject to dispute, and that fact is not the proper subject of judicial notice.

We find appellant's issues raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), to be without merit.

Although it does not appear that the appellant was prejudiced as a result of the noted error, we will nevertheless reassess the sentence. The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Senior Judge MARDEN and Judge PAULEY concur.

---

1. See *Trial Counsel Forum,* April 1984, at 14 and reference cited therein; also see *The Army Lawyer,* May 1985, at 34 (published after the date of this case).