**UNITED STATES, Appellee,**

v.

**Private E2 Jeremy L. PETTY,**
**373–84–7702, United States**
**Army, Appellant.**

**ACMR 8902153.**

U.S. Army Court of Military Review.

20 July 1990.

For Appellant: Captain James Kevin Lovejoy, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Martin D. Carpenter, JAGC, Captain Timothy W. Lucas, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before FOREMAN, JOHNSON and HAGAN, Appellate Military Judges.

**OPINION OF THE COURT**

FOREMAN, Senior Judge:

 A military judge sitting as a general court-martial convicted the appellant, in ac-

---

* Judge Peter J. Kane took final action on this case prior to his reassignment.

cordance with his pleas, of rape, forcible sodomy, breaking restriction, and dishonorably failing to maintain sufficient funds for the payment of 32 checks, in violation of Articles 120, 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1982). The military judge sentenced the appellant to a dishonorable discharge, confinement for eight years, and forfeiture of $600.00 pay per month for 96 months. A pretrial agreement limited the duration of the confinement to five years. The convening authority reduced the period of confinement to five years in accordance with the pretrial agreement and also changed the forfeiture of $600.00 pay per month for 96 months to forfeiture of all pay and allowances. The appellant now contends that the convening authority unlawfully increased the adjudged sentence by changing the partial forfeitures to forfeiture of all pay and allowances.

■ The convening authority may not increase the punishment imposed by a court-martial. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(d)(1) [hereinafter R.C.M.]. *See generally Waller v. Swift*, 30 M.J. 139 (C.M.A.1990); *United States v. Hodges*, 22 M.J. 260 (C.M.A.1986); *United States v. Christensen*, 30 C.M.R. 393 (C.M.A.1961). The convening authority may change the duration or amounts of a forfeiture as long as the total amount forfeited is not increased and neither the amount nor duration of the forfeitures exceeds the jurisdiction of the court-martial. R.C.M. 1107(d)(1) discussion. Increasing a partial forfeiture of pay to forfeiture of all pay and allowances is permissible if the sentence, considered as a whole, is made less severe. *See United States v. Williams*, 6 M.J. 803 (N.C.M.R.) (confinement for 12 months and forfeiture of $200.00 pay per month for 12 months may be commuted to confinement for 7 months and forfeiture of all pay and allowances), *pet. denied*, 7 M.J. 68 (C.M.A. 1979). Conversely, decreasing the amount forfeited but increasing the duration of the forfeitures may be permissible. *See United States v. Berg*, 34 C.M.R. 684, 686 (N.B. R.1963).

At first glance, it would appear that the convening authority in this case lessened the severity of the forfeitures, because forfeiture of all pay and allowances for five years, at present pay rates, would forfeit less money than forfeiture of $600.00 pay per month for 96 months. The reported cases dealing with changing partial forfeitures to total forfeitures and vice versa all have involved sentences of relatively short duration, 12 months or less, during which the forfeitures ordinarily would be collected in full before the completion of appellate review and execution of the punitive discharge. We judicially note that, absent unforeseen and highly unusual circumstances, appellate review of the appellant's case will be completed and the dishonorable discharge executed before the approved confinement has been entirely served and the approved forfeitures collected in full. *See* Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 201(b) (court may judicially note fact generally known in area pertinent to event); *United States v. Williams*, 17 M.J. 207 (C.M.A.1984)(appellate court may take judicial notice). *Cf. United States v. Dunbar*, 28 M.J. 972 (N.M.C.M.R.1989) (NMCMR judicially noticed how appellate defense counsel are assigned); *United States v. Claxton*, 25 M.J. 623 (C.G.C.M.R.1987) (CGCMR judicially noticed case load of appellate defense counsel); *United States v. Anderson*, 22 M.J. 885 (A.C.M.R.1986) (ACMR judicially noticed that disciplinary barracks has treatment program for child molesters). The effect of the convening authority's action in this case is to subject the appellant to forfeiture of all pay and allowances until his dishonorable discharge is executed, at which time his entitlement to pay and allowances will terminate and the uncollected forfeitures will be cancelled. *See* Department of Defense, Military Pay and Entitlements Manual, para. 70508a(2) and Table 7–5–2 (pay and allowances accrue until punitive discharge is approved and ordered executed; discharge cancels uncollected forfeitures)(1987). The sentence adjudged by the military judge would have subjected the appellant only to partial forfeitures until the execution of his

dishonorable discharge. Under the facts of this case, we find that the convening authority's action increased the total amount to be forfeited, and thus violates the prohibition of Rule for Courts–Martial 1107(d)(1).

The findings of guilty are affirmed. On the basis of the entire record and the error noted above, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for five years, and forfeiture of $600.00 pay per month for 60 months.

Judge JOHNSON and Judge HAGAN concur.