**UNITED STATES, Appellee**

v.

**Richard E. McDIVITT, Sergeant
U.S. Air Force, Appellant.**

No. 93–1424.
CMR No. 29644.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 10, 1994.

Decided March 22, 1995.

For Appellant: *Captain J. Knight Champion,* III (argued); *Colonel Jay L. Cohen* (on brief); *Lieutenant Colonel Frank J. Spinner* and *Captain Robert A. Parks.*

For Appellee: *Captain R. Scott Howard* (argued); *Colonel Jeffery T. Infelise, Lieu-*

tenant Colonel Thomas E. Schlegel, Major John H. Kongable (on brief).

## Opinion of the Court

CRAWFORD, Judge:

1. Contrary to his pleas, appellant was convicted of signing a false official record and larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 USC §§ 907 and 921, respectively. The convening authority approved the sentence of a bad-conduct discharge, 4 months' confinement, partial forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review[1] affirmed the findings and sentence in an unpublished opinion. We granted review on the following issue:[2]

WHETHER THE MILITARY JUDGE ERRED AS A MATTER OF LAW IN FAILING TO INSTRUCT THE MEMBERS THAT THE DEFENSE OF MISTAKE OF FACT APPLIED TO CHARGE I AND ITS SPECIFICATION, THE FALSE OFFICIAL STATEMENT [SIC].

## FACTS

2. On April 30, 1990, appellant signed a "Recertification of Basic Allowance for Quarters (BAQ)—Variable/Rent Plus Housing Allowance (VHA/RPHA)" certifying that he had "provided adequate support for" his "dependents for the last 2 years."

3. In January 1985, appellant married 15–year–old DJ while on a shopping trip with DJ and her parents in Mexico. Since DJ had been a runaway, her parents conceived of the marriage to protect her and them from legal difficulties. DJ's mother also held out the possibility of appellant's entitlement to additional money from the Air Force if he were married. CMR unpub. op. at 2. After the marriage, appellant moved in with DJ and her parents for approximately 2 months and provided her with some financial support for about 6 weeks. Thereafter, appellant rented an off-base apartment, but DJ refused to leave her parents' home. The marriage was never consummated. In August 1985, DJ moved to England with her family when her father was reassigned. This was the last time appellant had contact with her. He provided no further support for her beyond the first 6 weeks of their marriage. From 1985 thru March 1991, appellant received basic allowance for quarters (BAQ) at the "with dependents rate," along with a variable housing allowance (VHA). CMR unpub. op. at 2.

4. In April 1990, appellant recertified on Air Force Form 987 that he had provided support for DJ as his dependent for the preceding 2 years, thus giving rise to the charge of making a false official statement. He also listed DJ as residing at his current address, even though he did not know where she was and had had no contact with her since 1985. Appellant admitted that he was wrong to take the money, CMR unpub. op. at 2, but that he had been advised by a Finance clerk that he was entitled to the dependent rate for BAQ and VHA until he was divorced. Under these facts, the judge refused to give a mistake-of-fact instruction as to the false official statement.[3]

## DISCUSSION

5. "[A] military judge has a *sua sponte* duty" to give "appropriate instructions" on affirmative defenses "reasonably raised by the evidence." *United States v. Tatum*, 36 MJ 302, 304 ¶ 11 (CMA 1993); *see United States v. McMonagle*, 38 MJ 53, 58 ¶ 24 (CMA 1993).

6. Criminal conduct involves an act, usually by the accused, *mens rea* and appropriate notice. RCM 916(j), Manual for Courts–Martial, United States, 1984, provides that an honest (subjective) mistake of fact is a defense to a specific-intent element. A mistake of fact negates the *mens rea* which is essential to the crime charged. *See*

---

1. *See* 41 MJ 213, 229 n. * (1994).

2. We also granted review of the issue disposed of by *United States v. McElroy*, 40 MJ 368, 371–72 ¶¶ 13–16 (CMA 1994), *cert. denied*, — U.S. —, 115 S.Ct. 1256, 131 L.Ed.2d 137 (1995).

3. The judge did give the mistake-of-fact instruction on the larceny specification. The court members found appellant guilty of that specification.

W. La Fave and A. Scott, *Substantive Criminal Law* § 5.1 at 575 (1986). Thus a mistaken belief will exonerate appellant as to the element requiring specific intent. When there is a specific-intent element, that belief need only be honest to benefit appellant.

7. The elements of signing a false official record are as follows:

(1) That the accused signed a certain official document or made a certain official statement;

(2) That the document or statement was false in certain particulars;

(3) That the accused knew it to be false at the time of signing it or making it; and

(4) That the false document or statement was made with the intent to deceive.

Para. 31b, Part IV, Manual, *supra.*

■ 8. If a servicemember knowingly signs a false official record, he cannot thereafter complain that he had made an honest mistake as to his intent for, in that instance, his falsity defeats the honesty of his purpose. Thus, it does not matter if he honestly believed he was entitled to the housing allowance; he cannot, as a matter of law, sign false documents to obtain the allowance.

■ 9. He may, however, have made an honest mistake as to the falsity or officiality of the statements. Such is not the case here. Appellant certified that he provided adequate support to his dependent for the last 2 years. By his own admission he had not provided any support to his wife, let alone "adequate support." He had no contact with her since August 1985. The statement by the finance clerk did not change that fact. Under these circumstances appellant is not blameless or free from moral culpability. The actions by appellant were not an honest mistake because he knew the correct facts. RCM 916(j).

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX and GIERKE concur.

SULLIVAN, Chief Judge (concurring in the result):

10. Appellant was charged with signing a false official record in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907. The specification reads as follows: SPECIFICATION: In that [appellant] did, at or near Davis–Monthan Air Force Base, Arizona, on or about 30 April 1990, with intent to deceive, sign an official record, to wit: AF Form 987, Recertification of Basic Allowance for Quarters (BAQ)—Variable/Rent Plus Housing Allowance (VHA/RPHA), which record was false in that the said Sergeant Richard E. McDivitt did not provide adequate support for his dependents for the last two years to present and D.L. McDivitt, who the said Sergeant Richard E. McDivitt had listed as his wife, did not reside at 11910 W. Orange Grove Road, and was then known by the said Sergeant Richard E. McDivitt to be so false.

The official record, AF Form 987, was false in that appellant asserted on that form that he provided adequate support for his dependents for the last 2 years and that his wife resided at a certain address.

11. The question before this Court is whether appellant was entitled to a mistake-of-fact instruction based on his own testimony that a Finance Clerk told him that he was entitled to BAQ and VHA. This testimony on direct examination states:

Q Okay, what did you do with the form?
A The person behind the counter gave me a form. I filled out my name, my address, my wife's name and the amount of rent that I was paying at my current address.

Q Okay, did you fill out your wife's address on the back?
A No, sir, I did not because I did not know her correct address. I asked the person behind the counter—I do not know where my wife is and I have not known in several months, what do I do as far as address for my wife? They told me to put down my address as her address, that it didn't matter, the forms were never checked anyway. I also asked them about the providing support or—excuse me—I

was going to ask them about providing support; they told me to check this block, put my address down as her address, and hand in the form and everything was taken care of.

Q Okay, and when they said, "Check this block," I presume they pointed to a block?

A Yes, sir, the one that said support block, so I put support.

Q Did you ever ask them about whether or not you were even entitled to BAQ?

A Yes, sir, I did. At that time they informed me as long as I was married, there was no separation agreement from the court or no divorce decree, I was entitled to full rate BAQ.

12. The mistake-of-fact defense is generally defined in RCM 916, Manual for Courts–Martial, United States, 1984, as follows:

(j) *Ignorance or mistake of fact.* Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, *an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense.* If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance of mistake must have existed in the mind of the

accused and must have been reasonable under all the circumstances. However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.

(Emphasis added.) Even if appellant believed what the finance clerk said, his representations on the form would be false and his conduct a crime. Accordingly, the mistake-of-fact instruction was not appropriate in this case. *See generally United States v. Rowan,* 4 USCMA 430, 433, 16 CMR 4, 7 ¶¶ 9–10 (1954).

WISS, Judge (concurring in the result):

13. As is clear from that portion of appellant's testimony that is quoted by the Chief Judge, appellant was advised by the Finance Clerk that it made no difference what appellant entered on the form because "the forms were never checked anyway." In my view, this evidence fairly raised the defense of mistake of fact regarding whether *appellant subjectively intended to deceive.* The majority's apparent sole focus on whether appellant *intended to falsify* is not dispositive of this issue.

14. I concur in affirming the decision below, however, because I am satisfied that appellant suffered no prejudice from the failure of the military judge to instruct in this regard, in view of the members' rejection of appellant's mistake-of-fact defense relating to the larceny offense.