**UNITED STATES**

v.

**Senior Master Sergeant Larry R.
HOPKINS, United States
Air Force.**

**ACM 33937.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 21 Aug. 1999.

Decided 16 May 2001.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Harold M. Vaught.

Before YOUNG, Chief Judge, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Chief Judge:

The appellant pled guilty to adultery, dishonorably failing to pay debts, and making and uttering worthless checks by failing to maintain sufficient funds in his account. Article 134, UCMJ, 10 U.S.C. § 934. In addition, officer and enlisted court members convicted him of committing a battery on his wife, assaulting Milica Pavlovic, bigamy with Ms. Pavlovic, falsifying visa applications for Ms. Pavlovic and her children, additional bad check offenses, and additional allegations of dishonorably failing to pay debts. Articles 128, 134, UCMJ, 10 U.S.C. §§ 928, 934. The convening authority approved the sentence adjudged—confinement for 1 year and reduction to E–4. The appellant assigns five errors to the military judge: (1) The providence inquiry was insufficient; (2) He refused to instruct on the defense of mistake of fact; (3) He erred in admitting a letter of reprimand into evidence; (4) He erred in computing the maximum punishment; and (5) He refused to instruct that the appellant's expression of remorse was a matter in extenuation and mitigation. The appellant also asserts that (6) the general court-martial promulgating order contains several errors and needs to be redone. We affirm the findings and sentence, but return the record for correction of the court-martial promulgating order.

### I. The Providence of the Plea

■ The appellant pled guilty to three specifications of making and uttering worthless checks by dishonorably failing to maintain sufficient funds in his account. The appellant claims the military judge's plea inquiry was insufficient because the appellant merely recited conclusions of law. We disagree.

The military judge adequately advised the appellant, by reference to his previous advice concerning the offense of dishonorably failing to pay debts, that his failure to maintain sufficient funds must be due to more than mere negligence. He also advised the appellant that "a grossly indifferent attitude toward one's just obligations" would be sufficient. We find nothing strange about an E–8 with over 20 years of service using the term "gross negligence" in referring to the lack of attention he paid to his financial affairs. The plea was provident.

### II. Mistake of Fact

The appellant had been married to Gloria for 20 years when he deployed to Croatia. There, in April 1997, he started a sexual affair with Milica Pavlovic. On 8 May 1998, the appellant was divorced from Gloria. He remarried her on 17 May 1998. On 30 June 1998, the appellant and Gloria each signed a petition for a second divorce, which was filed with the court on 24 July 1998. On 17 July 1998, exactly one week before the divorce petition was filed, the appellant participated in a wedding ceremony in Alabama purporting to marry him to Milica, who was visiting

him on a tourist visa. The appellant's second divorce from Gloria was granted on 3 August 1998. On 20 October 1998, the appellant applied for a permanent visa for Milica and her two children at the U.S. Embassy in Zagreb, Croatia. On the application forms, he listed Milica as his wife, and noted that his former marriage to Gloria ended on 8 May 1998. He did not list his remarriage or subsequent divorce from Gloria on the form. The visa was granted. The appellant married Milica, in Las Vegas, Nevada, in November 1998.

The appellant asserts that the military judge erred by refusing to instruct the members that mistake of fact could be an absolute defense to the charges of bigamy and falsifying the visa applications. The appellant claims the evidence raised the possibility he may not have been aware that the filing of the joint petition for his second divorce in June did not equate to a judgment of divorce. Therefore, he could have been operating under the mistaken belief that Milica was his legal wife and her children were his step-children.

■ A military judge is required to appropriately instruct the court members on special, or affirmative, defenses "reasonably raised by the evidence." *United States v. McDivitt*, 41 M.J. 442, 443 (1995) (quoting *United States v. Tatum*, 36 M.J. 302, 304 (C.M.A.1993)). *Accord United States v. Davis*, 53 M.J. 202, 205 (2000). A defense is reasonably raised if there is "some evidence to which the military jury may attach credit if it so desires." *United States v. McMonagle*, 38 M.J. 53, 58 (C.M.A.1993). "Any doubt whether an instruction should be given should be resolved in favor of the accused." *Davis*, 53 M.J. at 205. *See* Rule for Courts–Martial (R.C.M.) 920(e), Discussion.

■ "Ignorance or mistake as to a matter of fact or law is a defense if it negatives a mental state required to establish a material element of the crime...." 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* 575 (1986). The President has recognized ignorance or mistake of fact as a defense.

If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances.

R.C.M. 916(j)(1).

■ To be convicted of knowingly making false statements on the visa applications of Milica and her two children, the appellant must have actually known that his statements were false. Therefore, the appellant had a defense if he honestly believed that he was divorced from Gloria, no matter how unreasonable that belief may have been. To constitute a defense to bigamy, the mistake of fact, as to whether an accused is still married to his first wife, must be both honestly held and reasonable. *United States v. Bateman*, 23 C.M.R. 312, 314, 1957 WL 4486 (C.M.A.1957). *See Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 65c (1998 ed.).

■ The defense correctly asserts that "the evidence raised the possibility that [the appellant] may not have been aware that the filing of the joint petition for his second divorce in June did not equate to a judgment of divorce" and the appellant "could have been operating under the mistaken belief that Milica was his legal wife and her children were his step-children." However, they provide no insight as to whether the appellant honestly believed he was divorced from Gloria. *Cf. United States v. Willis*, 41 M.J. 435, 438 (1995). There was no evidence whatsoever before the members, to which they could attach credit if they so desired, that the appellant honestly believed he was divorced from Gloria when he married Milica. The conjecture of counsel or witnesses that there was a possibility that the appellant could have believed he was divorced is not sufficient.

## III. Admission of the Letter of Reprimand

At trial, over defense objection, the military judge admitted a letter of reprimand (LOR) given to the appellant for verbally threatening his wife, grabbing her coat, and "inadvertently" leaving a red mark on her chest. The defense claimed the LOR was not properly maintained in the appellant's personnel records. The defense based this objection on the testimony of the appellant's commander that the LOR should have been removed from the appellant's personal information file (PIF) because the appellant's wife recanted her allegations.

 We review the admission of prosecution evidence during the sentencing proceedings for a clear abuse of discretion. *United States v. Zakaria,* 38 M.J. 280, 283 (C.M.A.1993). We conclude the military judge did not abuse his discretion in admitting the LOR. It was made and maintained in accordance with Air Force regulations. *See* R.C.M. 1001(b)(2). The fact that the appellant's wife recanted her allegations, and the commander may have removed the LOR from the PIF if the appellant had asked, does not affect the document's admissibility. These facts merely go to the weight of the evidence. Furthermore, the probative value of this evidence, including the commander's comments, was not outweighed by the danger of unfair prejudice. Mil.R.Evid. 403.

## IV. Maximum Punishment

 The maximum punishment in a court-martial for a violation of the United States Code depends on several factors. If the offense is listed in Part IV of the *Manual for Courts–Martial,* or is closely related to an offense therein, then the maximum punishment listed in Part IV applies. Otherwise, the offense is punishable as authorized in the United States Code. If the maximum confinement under the United States Code is 1 year or longer, the maximum punishment by court-martial includes a dishonorable discharge and forfeiture of all pay and allowances. R.C.M. 1003(c)(1)(B)(ii).

The appellant was convicted, inter alia, of three separate violations of 18 U.S.C. § 1546(a)—knowingly making false statements on the visa applications of Milica Pavlovic and her two children. That statute provides for a maximum sentence to confinement of 10 years for the first and second offense and 15 years for a third offense. At trial, the prosecution and the defense agreed that the maximum confinement for those three offenses was 15 years—5 years for each violation—and 24 years and 3 months for all the offenses of which the appellant had been convicted. The military judge disagreed and found the maximum period of confinement for the false visa offenses was 35 years—10 years each for the first two violations and 15 years for the third violation—and 44 years and 3 months for all the offenses. The appellant asserts that 18 U.S.C. § 1546 is closely related to the offense of false official statement under Article 107, UCMJ, 10 U.S.C. § 907, and the maximum confinement, therefore, should be only 15 years for the three visa offenses. We disagree.

In making the false visa applications, the appellant also violated 18 U.S.C. § 1001(a). That statute provides that it is an offense for any person to knowingly and willfully make "any materially false, fictitious, or fraudulent statement or representation," or to knowingly and willfully make or use any false writing, "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." 18 U.S.C. 1001(a)(1) and (2). "[A] violation of 18 U.S.C. § 1001 laid as a crime or offense not capital under Article 134, UCMJ, 'is closely related' to a violation of Article 107, UCMJ, for sentence purposes." *United States v. Sampson,* 1 M.J. 266, 267 (C.M.A.1976) (citing *United States v. Kuchinsky,* 37 C.M.R. 357, 360, 1967 WL 4262 (C.M.A.1967)). In fact, both carry a maximum sentence to confinement of 5 years. Evidently, Congress believed falsifying a visa application warranted more serious punishment, and thereby established 18 U.S.C. § 1546. Under the circumstances, we are convinced the military judge was correct in finding that 18 U.S.C. § 1546 was not closely related to Article 107, UCMJ, and that the maximum punishment for these offenses included confinement for 35 years.

## V. Sentencing Instruction

At trial, the defense counsel asked the military judge to instruct the members that they should consider the appellant's expression of remorse as a matter in mitigation to be considered by the court members. The judge sustained the trial counsel's objection to such an instruction. Citing *United States v. Whittier*, 14 M.J. 606, 607 (A.F.C.M.R. 1982), the appellant contends that the military judge erred by failing to instruct that the appellant's expression of remorse was a matter in mitigation.

In *Whittier*, the military judge refused to instruct the members that they should consider, as matters in mitigation, the accused's personal and family background and his remorse for committing the offenses. This Court, citing *United States v. Wheeler*, 38 C.M.R. 72, 1967 WL 4375 (C.M.A.1967), found error, but noted it was not necessarily prejudicial. *Whittier*, 14 M.J. at 607 (citing *United States v. Mabry*, 38 C.M.R. 83, 1967 WL 4378 (C.M.A.1967)). Nevertheless, acting "out of an abundance of caution and because the military judge also failed to advise the accused that a fine could be imposed," the Court reassessed the sentence. *Id.*

A military judge is required to give the court members appropriate instructions on sentencing. R.C.M. 1005(a). The instructions must include statements of the maximum authorized punishment; the effect any sentence will have on the accused's entitlement to pay and allowances; the procedures for deliberation and voting; that the members are solely responsible for selecting an appropriate sentence; and a "statement that the members should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and matters introduced under R.C.M. 1001(b)(1), (2), (3), and (5)." R.C.M. 1005(e). We review the denial of a requested sentencing instruction for an abuse of discretion. *United States v. Pagel*, 40 M.J. 771, 780 (A.F.C.M.R.1994), *aff'd on other grounds*, 45 M.J. 64 (1996).

As we stated in *Pagel*, *Wheeler* does not require the military judge to list each and every possible mitigating factor for the court members to consider. *Pagel*, 40 M.J. at 780 (citing *United States v. Holcomb*, 39 C.M.R. 202, 1969 WL 5950 (C.M.A.1969)). It is the duty of the counsel at trial to bring to the attention of the court members, through their arguments, any aggravating, mitigating, or extenuating factors. In noncapital cases, the military judge fully complies with his duty by instructing the members as follows:

> In determining the sentence, you should consider all the facts and circumstances of the offense(s) of which the accused has been convicted and all matters concerning the accused (whether presented before or after findings). Thus, you should consider the accused's background, his/her character, his/her service record, (his/her combat record,) all matters in extenuation and mitigation, and any other evidence he/she presented. You should also consider any matters in aggravation.

*See* R.C.M. 1005(e). Of course, if an accused pleads guilty, the military judge should instruct the members that such a plea is a matter in mitigation. To the extent *Whittier* is inconsistent with this opinion, it is overruled.

## VI. Post–Trial Errors

The appellant claims that his case is not ready for appellate review because of the defective post-trial processing of this case. We disagree. However, he is correct in asserting that the court-martial order needs to be redone because it contains so many errors that it bears little resemblance to the actual results of the appellant's court-martial.

## VII. Conclusion

The record of trial is returned to The Judge Advocate General for administrative correction of the court-martial order. It need not be returned to this Court unless further review is required.

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings and sentence are

AFFIRMED.