IN THE CASE OF


UNITED STATES, Appellee

v.

Larry R. HOPKINS, Senior Master Sergeant
U.S. Air Force, Appellant

No. 01-0739

Crim. App. No. 33937

United States Court of Appeals for the Armed Forces

Argued January 22, 2002

Decided April 12, 2002


EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE and BAKER, JJ., and SULLIVAN, S.J.,
joined.


<u>Counsel</u>


For Appellant:  Major Jeffrey A. Vires (argued); <u>Lieutenant Colonel Beverly
    B. Knott</u> and <u>Lieutenant Colonel Timothy W. Murphy</u> (on brief).



For Appellee:  Major John D. Douglas (argued); <u>Colonel Anthony P. Dattilo</u> (on
    brief); <u>Lieutenant Colonel Lance B. Sigmon</u>.




Military Judge:  Howard P. Sweeney



<u>This opinion is subject to editorial correction before final publication</u>.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, pursuant to mixed pleas, of assault, assault consummated by a battery, falsifying a visa application, making and uttering bad checks, dishonorable failure to pay just debts, adultery, and bigamy, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. He was sentenced to confinement for one year and reduction to E-4. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed. 55 MJ 546 (2001).

On appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY HOLDING
> THAT AN ACCUSED'S EXPRESSION OF REMORSE WAS
> NOT A WHEELER FACTOR AND REFUSING TO
> INSTRUCT THE MEMBERS THAT APPELLANT'S
> EXPRESSION OF REMORSE COULD BE CONSIDERED A
> MATTER IN EXTENUATION AND MITIGATION.

For the reasons set forth below, we affirm.


I. BACKGROUND

At the time of trial, appellant was a Senior Master Sergeant (E-8), with over twenty-two years of service. His sentencing case included evidence in extenuation and mitigation,

2

including awards, decorations, and positive evaluations. Appellant also exercised his right under RCM 1001(c)(2)(C), Manual for Courts-Martial, United States (2000 ed.),[1] to make an unsworn statement, which included observations such as, "I have made a lot of mistakes and poor decisions," "I have strayed so far from who I really am," "I lost my discipline and my self-control," and "I took many actions which I now regret." He stated that he took "full responsibility" for his actions, expressed sorrow, and apologized to his unit, his commander, his friends, and his family.

During a session under Article 39(a), UCMJ, 10 USC § 839(a), concerning proposed instructions, defense counsel asked the military judge to instruct the panel regarding appellant's "expression of remorse." Trial counsel objected, and the military judge denied the defense request.

The military judge provided standard instructions on sentencing, including an instruction to "consider all matters in extenuation and mitigation as well as those in aggravation, whether they were introduced before or after your findings." His instructions highlighted numerous factors for the members to consider, which were largely drawn from the nonbinding guidance in the Military Judges' Benchbook at 71-72 (Dept. of the Army

---

[1] All Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

Pamphlet 27-9 (Sept. 1996)). He specifically instructed the members to consider appellant's unsworn statement. He added that an "unsworn statement is an authorized means for an accused to bring information to the attention of the court and must be given appropriate consideration." In addition, the military judge provided detailed guidance on the differences between sworn testimony and an unsworn statement.

The prosecution's closing argument briefly referred to the unsworn statement, noting that appellant had "expressed his own form of mea culpa." The prosecution cited other factors for the members to consider when adjudging the sentence, particularly the nature of the offenses and the impact on the Air Force. Defense counsel's closing argument also referred briefly to appellant's unsworn statement and asked the members to take into account appellant's recognition that he had made "poor decisions" and "mistakes," and that he was "responsible for those decisions." Defense counsel focused on appellant's record of service and performance, as well as the financial impact that a sentence might have on his family.

The military judge instructed the members that the maximum punishment included confinement for forty-four years and three months, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The prosecution argued for a sentence that included four years' confinement,

reduction to pay grade E-1, and a dishonorable discharge.  The

members sentenced appellant to confinement for one year and

reduction to pay grade E-4.  The sentence did not include

forfeitures or a punitive discharge.


## II. DISCUSSION

RCM 1005(a) requires the military judge to "give the

members appropriate instructions on sentence."  RCM 1005(e)(5)

provides that such instructions shall include a statement that

the members should consider certain designated matters,

including all matters in extenuation and mitigation.  Under

United States v. Wheeler, 17 USCMA 274, 277, 38 CMR 72, 75

(1967), the military judge has a "duty . . . to tailor his

instructions on the sentence to the law and the evidence, just

as in the case of prefindings advice."  See RCM 1005(e)(5)

Discussion; Drafters' Analysis of RCM 1005(e)(5), Manual, supra

at A21-76; para. 76b(1), Manual for Courts-Martial, United

States, 1969 (Rev. ed.); Analysis of Contents, Manual for

Courts-Martial, United States, 1969, Revised Edition at 13-9

(Dept. of the Army Pamphlet 27-2 (July 1970)).

The sentencing instructions of a military judge are

reviewed for abuse of discretion.  See United State v. Greaves,

46 MJ 133 (1997).  The military judge has considerable

discretion in tailoring instructions to the evidence and law.

The decision as to how that discretion should be applied to statements of an accused, such as expressions of remorse, regret, or apology, depends on the facts and circumstances of each particular case.  See id. at 139.

Under the facts and circumstances of the present case, we conclude that the approach of the military judge did not constitute an abuse of discretion.  Appellant's remarks were made in the course of an unsworn statement.  Such a statement is not made under oath, is not subject to cross-examination, and is not subject to the normal restrictions of the rules of evidence -- all of which argues for broad discretion in the military judge when determining how to tailor instructions to address an unsworn statement.  Cf. United States v. Satterly, 55 MJ 168, 171 (2001), and cases cited therein (scope of discretion regarding requests to make a second sworn statement).  Moreover, appellant was the only defense witness on sentencing, and his statement was relatively brief.  His expressions of remorse, regret, and apology were clear and direct and did not refer to unique or unusual facts that might have been overlooked by the members during sentencing deliberations.  Although both the prosecution and defense referred to appellant's expressions in their closing arguments, neither placed significant reliance on his unsworn statement.

In contrast to Wheeler, where "[n]ot a word was said about the evidence in mitigation or aggravation," and where only an instruction on the maximum authorized sentence was given, 17 USCMA at 276, 38 CMR at 74, the military judge in the present case specifically mentioned appellant's unsworn statement as something the members should consider in their deliberations. Under these circumstances, it was within the judge's discretion, in fulfilling his responsibility under Wheeler to tailor his instructions to the law and the evidence, to decide that the attention of the members to appellant's remarks could be addressed adequately through instructions containing a general reference to his unsworn statement rather than through a more particularized instruction.[2]

III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[2]Although the requested instruction was not required under the circumstances of the present case, it is well within the discretion of a military judge to provide a more particularized instruction on the issue of remorse. Depending on the facts of the case, such an instruction might advise the members that they have heard an unsworn statement by the accused, and that, to the extent they considered the statement to contain an expression of remorse, they could consider that expression of remorse as a matter in mitigation.