UNITED STATES, Appellee,

v.

Steven R. RAY, Captain, U.S. Air
Force, Appellant.

No. 57,347.
ACM 25569.

U.S. Court of Military Appeals.

Sept. 27, 1988.

For Appellant: *Captain Henry J.
Schweiter* (argued); *Colonel Leo L. Sergi*
(on brief).

For Appellee: *Captain Jeffrey H. Curtis* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief).

## OPINION OF THE COURT

SULLIVAN, Judge:

During August 1986, appellant was tried by general court-martial, composed of a military judge sitting alone, at Whiteman Air Force Base, Missouri. Contrary to his pleas, he was found guilty of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. Appellant was sentenced to dismissal, confinement for 6 months, and forfeiture of $500 pay per month for 6 months. The convening authority approved the sentence. The Court of Military Review affirmed in a short-form opinion.

This Court granted review of the following issues specified by the Court:

### I

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN, AFTER THE GOVERNMENT HAD PRESENTED ITS CASE–IN–CHIEF AND RESTED, AND AFTER THE DEFENSE PRESENTED NO EVIDENCE AND RESTED, HE ALLOWED THE GOVERNMENT TO REOPEN ITS CASE AND PRESENT EVIDENCE THAT THE GOVERNMENT HAD SAVED FOR REBUTTAL.

### II

WHETHER THE EVIDENCE THAT THE GOVERNMENT INTRODUCED AFTER BEING ALLOWED TO REOPEN ITS CASE WAS ERRONEOUSLY ADMITTED BY THE MILITARY JUDGE IN THAT IT WAS MORE PREJUDICIAL THAN PROBATIVE ON THE ISSUES IN QUESTION AND SHOULD HAVE BEEN EXCLUDED UNDER MILITARY RULE OF EVIDENCE 403.

We hold that, in view of the circumstances at this trial, the military judge did not abuse his discretion when he allowed the Government to reopen its case. R.C.M. 913(c)(5), Manual for Courts-Martial, United States, 1984. Additionally, we hold that, although some of the evidence introduced after the Government reopened its case was erroneously admitted, its admission was harmless error. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

Appellant was charged with wrongful use of cocaine under Article 112a. The Government based its case on evidence of a positive urinalysis of a urine specimen purportedly submitted by appellant on February 3, 1986. At trial, government witnesses testified that the urinalysis was properly conducted and the procedures for collection, chain of custody, storage and testing, and confirmation testing were correctly followed. In addition, the Government provided expert testimony concerning the scientific basis for urinalysis testing and its reliability in identifying the presence of contraband drugs.

On cross-examination, the government expert, Dr. Michael Peat, admitted that urinalysis cannot detect the wrongful or knowing use of cocaine. He further testified that in the sample tested just prior to appellant's, there was a high concentration of cocaine and that there was a possibility that appellant's sample could have been contaminated by the residue from the prior sample. He also stated that the herbal tea called "Health Inca Tea" is a source of cocaine which could lead to a positive urinalysis. The government expert nevertheless discounted the possibility of a false positive cocaine reading in appellant's urinalysis for several reasons. First, he stated that appellant's urine sample was tested twice, as a precaution against any possible contamination, and the second reading was also positive for cocaine. He also testified that the Health Inca Tea, though not known to be sold in the vicinity of Whiteman AFB, was banned by the Food and Drug Administration several months before trial and all stores had been ordered to remove it from their shelves.

Following redirect examination of its expert witness, the Government rested. Immediately thereafter, the defense rested its case without submitting any evidence. A colloquy ensued as to whether the Government could present additional evidence regarding the Health Inca Tea,[1] as well as evidence regarding the element of wrongfulness. The Government referred to this evidence as "rebuttal"; however, the military judge characterized it as reopening the Government's case. Over defense objection, the military judge allowed the Government to reopen its case and present the evidence.

The Government called three witnesses. The first was the base flight surgeon, Colonel Gerald Dennis. Defense counsel objected to the Government's questions as to whether appellant had sinusitis (a condition involving inflammation of the nasal mucous membranes) and whether cocaine use would be consistent with appellant's symptoms. The military judge overruled both relevance objections. Colonel Dennis testified that appellant's medical record demonstrated his symptoms of sinusitis and upper respiratory infection for over 9 months prior to trial. In addition, Colonel Dennis stated that there are various factors, such as appellant's heavy smoking, which could cause the symptoms which appellant demonstrated. However, on re-direct, Colonel Dennis acknowledged that the symptoms suffered by appellant could also be the result of regular cocaine use.

The second witness was the operations officer of appellant's squadron, Major Harry Whitaker. He was questioned concerning appellant's financial problems. Defense counsel again objected on the ground of relevance. The military judge overruled the objection, stating: "I don't need to hear the argument, counsel, the objection is overruled. I see relevance to this question." Major Whitaker testified that on two occasions appellant had problems in repayment of loans; that he was counseled on the matter and received a letter of reprimand for his financial affairs; and that

appellant had resolved the problems. Finally, Major Whitaker stated that appellant had fallen asleep during pilot's meetings on occasion. After direct testimony, the military judge commented:

> Just to clarify the ruling that I made, I felt the information concerning financial problems was relevant in that it is a well accepted fact that drugs, such as cocaine, do cost money and there is some relevance to the financial status of an individual who is accused of using drugs and that could affect his financial ability to meet other obligations. In that degree, I felt it was relevant. I certainly will not consider it in any manner to show the accused is a bad person or as other misconduct. I will limit it to that very specific use for what it may be worth.

The third witness was the training officer for appellant's squadron, Captain William Bassett. He testified that during a TDY helicopter trip in August 1985, appellant appeared to be "falling asleep at the controls" of the helicopter. The defense interposed a relevance objection, which was overruled without comment.

## I

█ The first question for review is whether the judge properly permitted the Government to reopen its case after the defense rested. *See generally United States v. Smith,* 15 U.S.C.M.A. 416, 417, 35 C.M.R. 388, 389 (1965); *United States v. Kennedy,* 8 U.S.C.M.A. 251, 24 C.M.R. 61 (1957). The President in addressing this procedural matter has stated in R.C.M. 913(c)(5), "The military judge may, as a matter of discretion, permit a party to reopen its case after it has rested." This flexible standard originated in earlier Manual provisions which sought, *inter alia,* to avoid the granting of motions for finding of not guilty where available evidence had not been presented by the prosecution. Drafter's Analysis, Manual, *supra* at A 21–55. *See* para. 71*a,* Manual for Courts-

---

1. The military judge found this evidence was inadmissible on "hearsay" grounds.

Martial, United States, 1969 (Revised edition).

This procedural rule implies that the moving party should proffer some reasonable excuse for its request to reopen its case. *See United States v. Kennedy, supra* at 253, 24 C.M.R. at 63. *See also United States v. Kelm*, 827 F. 2d 1319, 1323 (9th Cir.1987); *United States v. Blankenship*, 775 F. 2d 735, 740–41 (6th Cir.1985); *United States v. Walker*, 772 F. 2d 1172, 1183–84 (5th Cir.1985). One reason proffered by trial counsel at this court-martial was that, although he had rested his case, the judge had not yet ruled on an earlier defense motion to dismiss because of a failure to show wrongfulness. The Government offered the challenged evidence to show circumstantially that appellant's use of cocaine was wrongful, assuming proof of the test results themselves was not sufficient for this purpose.[2]

This case was tried in August 1986, approximately 1 month after the decision of this Court in *United States v. Harper*, 22 M.J. 157 (C.M.A.1986). Defense counsel's motion to dismiss and trial counsel's belated response reflect some confusion as to the import of this decision. In particular, a question existed as to the sufficiency of evidence of urinalysis test results by themselves to show the element of wrongfulness required in drug cases. *See United States v. Ford*, 23 M.J. 331 (C.M.A.1987); *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987). In addition, the challenged evidence was available to the prosecution earlier in the trial, and trial counsel implied that it was withheld for use on the unresolved defense motion. *Cf.* R.C.M. 917. These were reasons enough for the judge to allow the prosecution to reopen its case to adduce additional proof on this element of the offense. *See United States v. Blankenship, supra* 775 F.2d at 741. Moreover, in view of the defense's failure to present evidence before or after the reopening of the Government's case, we would be hard pressed indeed to find any prejudice stemming from the challenged

order of proof. *See United States v. Faul*, 748 F.2d 1204, 1218 (8th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 632 (1985).

## II

The second granted issue questions admissibility of the government evidence introduced after the prosecution was permitted to reopen its case. Appellant's claim on appeal is that such evidence was more prejudicial than probative and, therefore, its admission was barred under Mil.R.Evid. 403, 1984 Manual, *supra.*

We first note that this particular objection was not made at appellant's court-martial. He asserted there that this evidence was irrelevant, a matter covered by Mil.R. Evid. 401 and 402. *See United States v. Dorsey*, 16 M.J. 1, 5–6 (C.M.A.1983). *Cf. United States v. Mukes*, 18 M.J. 358 (C.M. A.1984). Accordingly, a finding of waiver of the particular issue under Mil.R.Evid. 403 would not be unjustified. *See* Mil.R. Evid. 103(a)(1). We also note that an objection based on Mil.R.Evid. 403 is premised on relevant evidence being unduly prejudicial. *See United States v. Abel*, 469 U.S. 45, 55, 105 S.Ct. 465, 470–471, 83 L.Ed.2d 450 (1984). This was a trial before judge alone and, assuming the evidence was admissible for a proper purpose, we are normally confident that the judge will limit his consideration to that end. *See generally United States v. Kinman*, 25 M.J. 99, 101 (C.M.A.1987).

█ In any event, appellant's contentions on this appeal, *i.e.*, that this evidence was irrelevant or, if relevant, unfairly prejudicial, are also flawed. The defense asserts that evidence of appellant's sinus condition had no probative value on the question of whether he knowingly and wrongfully used cocaine as charged. We disagree. A foundation was laid establishing that such a medical or physical condition was consistent with regular use of cocaine. Moreover, a rational inference can be drawn from regular drug use (*see* Mil.R.

---

**2.** *See* appendix.

Evid. 406) that conduct on a particular occasion was knowing or intentional. *See United States v. Harper, supra* at 163. Finally, in view of the equivocal and limited nature of this doctor's testimony, we are not convinced that it unduly suggested that people with sinus problems necessarily commit cocaine offenses. *See United States v. Mukes, supra.*

■ The evidence of financial problems and inability to pay debts was arguably less relevant than the medical evidence noted above. The military judge considered this evidence in view of "a well accepted fact that drugs, such as cocaine, do cost money…" *See* Mil.R.Evid. 104(a). Again, the implied premise behind the proffer of this evidence is that a pattern of regular drug use can show a knowing drug use on a particular occasion. *United States v. Harper, supra. See* Mil.R.Evid. 404(b) and 406. The particular relevance of the debt evidence was that regular drug use requiring continual expenditure of cash can be shown circumstantially by an inability to pay other debts. While this evidentiary theory is extremely weak (*see* 2 Wigmore, Evidence § 224 (Chadbourn rev. 1979)), it is not irrational and is conceivably admissible under Mil.R.Evid. 401 and 402. *Cf. United States v. Hernandez,* 588 F. 2d 346, 348–49 (2d Cir.1978). More importantly, however, there was no possibility of a Mil.R.Evid. 403 violation here because the judge expressly said he would consider this evidence only for this purpose, and he would not consider it as showing appellant did the charged offenses because he was a bad man. *Id.*

■ The evidence of drowsiness from Captain Bassett was simply not shown to be relevant by the prosecution. No medical basis or foundation was established showing that falling asleep or nodding off had any relation to the wrongful and knowing use of cocaine. However, this evidence was substantially cumulative of earlier testimony concerning appellant's falling asleep from Major Whitaker, which was not objected to by the defense.

In conclusion, the Government presented a solid case of appellant's guilt of the charge. The defense presented no case of its own, relying instead on perceived weaknesses in the Government's case. The additional prosecution evidence, in large part, had some bearing on the Government's purported failure to sufficiently show appellant's use of cocaine was wrongful. Mil. R.Evid. 401 and 402. This evidence, however, was not required for a conviction and paled in importance compared to the scientific evidence of urinalysis earlier presented in this case. Moreover, any undue prejudice which might have flowed from this testimony was either cured or waived. In these circumstances, relief is not warranted. Art. 59(a). *See United States v. Brooks,* 26 M.J. 28, 29 (C.M.A.1988); *United States v. Mann,* 26 M.J. 1, 5 (C.M.A. 1988).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

### APPENDIX

TC: Well, sir, we have some rebuttal evidence about this Health Inca Tea that we would like to present. We also have some other evidence which may not—the court may not need, but we, for sure, have a witness about Health Inca Tea.

MJ: Well, although it's kind of hard to see how you can rebut this defense which has not been presented; technically, the defense did bring information out on cross-examination, and what I'll allow the Government to do is reopen its case, and, of course, give the defense another opportunity to present evidence, if it wishes. *I don't really consider it to be rebuttal of defense, but certainly it's rebuttal of information which came out on cross-examination, and I'm going to allow the Government to reopen at this point if you want to call a witness on that issue.*

TC: *Yes, sir, and while we are here, I suppose we should mention that you haven't made a ruling on wrongfulness*

*and we have a wealth of information, circumstantial-type information, to corroborate the tests.* If you need some more evidence—you said that you weren't willing at this time—and, of course, we've rested, and—

MJ: Well, there has been evidence before the court that the specific test used could in no way, of course, show wrongfulness or intentional use.

TC: Right.

MJ: *This was brought out in cross-examination. If the Government wishes to pursue evidence which would tend to go to wrongfulness, certainly, with or without that, I would have allowed it.* It is certainly an issue now, in any case, because it has come up in testimony of the expert witness that this test, itself, cannot detect that; however, there is an inference which can be drawn, and I cannot tell you now whether I would draw it or not, but certainly it's one that the court might be willing to draw if all the evidence is sufficient. However, that does not preclude the Government, in any case, from going forward if the Government has any evidence of wrongfulness which, of course, is one of the elements. So, if you wish to introduce evidence on that issue, I will allow you to. I'm not going to be able to tell you whether you have to or not.

(Emphasis added.)

EVERETT, Chief Judge (concurring in the result):

I agree that, in his discretion, the military judge could allow the Government to reopen its case. However, this certainly is not a practice that should be encouraged, because it tends to reward poor trial preparation by the prosecution.

In my view, the evidence of financial problems and drowsiness was irrelevant; and the evidence as to appellant's sinus condition was of very limited relevance. Moreover, I believe that the defense objection on relevance grounds, *see* Mil.R.Evid. 402, was sufficient to include an objection that, if the evidence offered by the Government had any probative value, this was outweighed by its prejudicial effect, *see* Mil.R.Evid. 403.

The evidence as to the financial problems and drowsiness not only invited speculation by the factfinder but also suggested misconduct on appellant's part—dishonorable failure to pay debts and dereliction of duty. I reluctantly concur in the result only because I conclude that, in this trial by military judge alone, admission of the contested evidence did not change the outcome.