UNITED STATES, Appellee,

v.

David A. PROVOST, Specialist, U.S. Army, Appellant.

No. 64,239.
CM 8900412.

U.S. Court of Military Appeals.

Argued Nov. 28, 1990.
Decided Feb. 12, 1991.

For Appellant: *Captain Alan M. Boyd* (argued); *Colonel Robert B. Kirby* and *Lieutenant Colonel Russell S. Estey* (on brief).

For Appellee: *Captain Timothy W. Lucas* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Randy V. Cargill, Captain James A. Nortz* (on brief).

*Opinion of the Court*

COX, Judge:

Pursuant to a pretrial agreement, appellant pleaded guilty to two specifications of absence without leave and one specification of attempted larceny of a motor bike, in violation of Articles 86 and 80, Uniform Code of Military Justice, 10 USC §§ 886 and 880, respectively. During the hearing on sentence, appellant made an unsworn statement in extenuation and mitigation wherein he related a history of alcohol abuse. He attributed his absences and at-

tempted larceny to his desire to get out of the Army and claimed that his sole motivation for committing the offenses was his "concern" for his family. He also stated, "I've never stolen anything before. I also have never hurt anybody before."

Trial counsel seized upon these unsworn claims as an opportunity to introduce significant testimony and exhibits showing that appellant also had uttered 26 bad checks in the amount[1] of $2,342.72. At no time pertinent to this appeal was appellant charged with uttering bad checks or convicted of any offense under the Uniform Code of Military Justice concerning any of the checks.

After the Government paraded this significant evidence of uncharged misconduct before the court-martial, appellant sought to offer an unsworn explanation about the numerous checks.

The military judge, however, ruled:

Counsel, I don't mind if you put the accused on the stand for an unsworn statement in extenuation and mitigation, but when it comes to rebuttal of evidence that is sworn, that's not sufficient. If you want Specialist Provost to make a statement in the form of surrebuttal, you may do so. If it's in surrebuttal to anything that this witness who has just testified has stated, that's going to be under oath.

The Court of Military Review agreed with the military judge, stating:

We do not agree that in this case the military judge should have allowed a second unsworn statement in surrebuttal. The Manual speaks in terms of a single "an unsworn statement." R.C.M. 1001(c)(2)(A). Although there may be sufficient latitude within the context of the entire Rule to permit, *at the sound discretion of the military judge,* a second unsworn statement in an appropriate case, we do not find that this case demanded such a ruling. When an accused chooses to offer an unsworn statement

as distinguished from sworn testimony, he limits his opportunity to present matters to the court-martial.

Unpub. op. at 2–3 (November 29, 1989).

▆ In this case the judge ruled that the accused could not use an unsworn statement to rebut sworn testimony presented by the prosecution. However, RCM 1001(c)(2)(A), Manual for Courts-Martial, United States, 1984, permits "an unsworn statement ... to rebut matters presented by the prosecution." Thus, both the military judge and the Court of Military Review were wrong.

The right of allocution by a military member convicted of a criminal offense is a fundamental precept of military justice. *United States v. Rosato,* 32 MJ 93 (CMA 1991). It must be remembered that, if an accused elects to make an unsworn statement, he is not offering evidence. W. Winthrop, *Military Law and Precedents* 300 (2d ed.1920 reprint). The fact that the Manual for Courts-Martial, United States, 1984, creates a rule which permits the Government to contradict or rebut unsworn statements does not change the character of the accused's right to speak. RCM 1001(c)(2)(C).

Because it was error to deny appellant the right to explain the bad checks, the sentence was not properly based on consideration of those checks. Thus, we need not consider whether the checks should have been admitted into evidence. But we note that admissibility of uncharged misconduct in sentencing depends upon the purpose for which it is being offered. Additionally, the military judge must determine whether the probative value of the proffered evidence outweighs its prejudicial value. *United States v. Martin,* 20 MJ 227, 230, and at 233 (CMA 1985) (Everett, C.J., concurring in the result), *cert. denied,* 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986). We find nothing in the military judge's ruling

---

1. This is the correct amount. *See* pros.ex. 7. *Contra United States v. Provost,* No. 8900412,

unpub. op. at 2 n. 1 (ACMR Nov. 29, 1989).

which suggests that he gave Mil.R.Evid. 403, Manual, *supra*, any thought.

▉ In any event, appellant's sentence was reduced considerably by virtue of his pretrial agreement from 18 to 9 months' confinement.[2] Furthermore, he expressed throughout that the purpose of his crime spree was to obtain a discharge from the service and the court-martial obliged him with a bad-conduct discharge. Under these circumstances, it is doubtful that appellant suffers any lingering prejudice from the ruling of the military judge. Nevertheless, he is entitled to consideration of his case by the Court of Military Review in a posture that is correct in both law and fact. Art. 66(c), UCMJ, 10 USC § 866(c). Upon remand, that court should act without consideration of any evidence of the bad checks.

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reassessment of the sentence.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.

---

2. His sentence also included a bad-conduct discharge and reduction to E–1.