UNITED STATES, Appellee,

v.

**Private E2 Otis A. MARTINSMITH,
593–36–2836, United States
Army, Appellant.**

**ACMR 9200946.**

U.S. Army Court of Military Review.

27 May 1993.

For Appellant: Captain Christopher W. Royer, JAGC (argued), Major James M. Heaton, JAGC (on brief).

For Appellee: Captain Robert J. Walters, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before DeGIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was found guilty of conspiracy to commit larceny of $38,000.00, desertion terminated by apprehension, failure to repair, failure to obey a lawful general regulation, and fourteen specifications of larceny, in violation of Articles 81, 85, 86, 92, and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 885, 886, 892, and 921 (1982). He was sentenced to a dishonorable discharge, confinement for fifteen years, total forfeitures, and reduction to Private E1. He was also sentenced to a fine of $23,100.00, with additional confinement for thirty months if the fine was not paid. In compliance with a pretrial agreement, the convening authority reduced the confinement to seven years. Based upon prejudice perceived by the staff judge advocate as presented in his recommendation, the convening authority reduced the fine to $15,000.00, did not approve the contingent confinement if the fine was not paid, but otherwise approved the sentence.

This opinion will address two errors asserted by appellant. He asserts that the staff judge advocate erred to his prejudice by providing incorrect information concerning appellant's pretrial confinement in his post-trial recommendation to the convening authority. He also asserts that the mili-

tary judge erred to his prejudice by not allowing appellant to answer the questions of a panel member prior to deliberations on the sentence. We affirm the findings of guilty and the sentence.

## I.

### Staff Judge Advocate's Post-trial Recommendation

Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1106(d)(3)(C) [hereinafter R.C.M.] requires that the staff judge advocate's recommendation contain a statement of the nature and duration of pretrial confinement. In the case before us, the recommendation does not contain that required statement.

Prior to the implementation of the Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], the staff judge advocate was required to conduct a post-trial review. The review was a summary of the evidence presented, a discussion of the applicable law, and a recommendation of the appropriate action to be taken by the convening authority. It was not unusual for the review to contain errors, which often resulted in the return of the case by the appellate courts for a new review and action. To resolve a growing problem in this area, a court-imposed procedure required the post-trial review

> [b]e served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment.... The failure of counsel for the accused to take advantage of this opportunity ... will normally be deemed a waiver of any error in the review.

*United States v. Goode,* 1 M.J. 3, 6 (C.M.A. 1975). This procedure, to include the waiver provision, was adopted in the 1984 manual. *See generally* R.C.M. 1106 discussion (absent plain error, failure to raise the error in the post-trial submission waives it). Where the error is not waived, appropriate action is to be taken by appellate authori-

ties without returning the record to the convening authority. *See* R.C.M. 1106(d)(6).

In this case, appellant contends that the failure of the staff judge advocate to advise the convening authority resulted in the failure of the convening authority to direct that appellant receive the 112 days of confinement credit ordered by the military judge. He contends that, as a matter of right, he deserves another opportunity to present his clemency matters to the convening authority in light of the significant time spent in pretrial confinement. We find several flaws in appellant's contention.

First, in his post-trial submission, appellant included the fact of pretrial confinement, although he does not set out its duration. Further, the result of trial, addressed to the convening authority reflects the 112 days of pretrial confinement. Here we find no plain error. *See United States v. Fisher,* 21 M.J. 327 (C.M.A.1986); *but cf. United States v. Clear,* 34 M.J. 129 (C.M.A. 1992) (failure to include clemency recommendation of military judge was plain error). We hold failure of appellant to raise the error in response to the staff judge advocate's recommendation waives it. *See* R.C.M. 1106(f)(6).

Second, appellant's contention that the convening authority must direct sentence credit in his action in this case is incorrect. There is no requirement that the convening authority indicate sentence credit for legal pretrial confinement; only credit for illegal pretrial confinement need be noted in the action. *United States v. Bales,* 34 M.J. 1217 (A.C.M.R.1992).[1]

Finally, although not necessary to this decision, assuming that the error had not been waived, we believe this court could have corrected the error by reassessment of the sentence.

## II.

### Failure to Permit Accused to Respond to Member's Question

Appellant made an unsworn statement during the sentencing procedure.

---

**1.** We note that the Report of Result of Trial properly credits appellant with 112 days of pre-

trial confinement. *See Bales,* 34 M.J. at 1218.

During the military judge's instructions on sentencing, one court member indicated that he wanted to ask appellant what happened to the stolen money ($23,100.00). The military judge informed the member that appellant had made an unsworn statement and could not be questioned. Subsequently, trial defense counsel announced that appellant wanted to make a sworn statement to answer the member's question. The prosecution objected to the reopening of appellant's case and noted that the stipulation of fact explained what happened to the money. The military judge denied the request, stated that the members could rely on evidence presented, that reopening would allow the government to rebut, and thus consume too much time. At the close of instructions, trial defense counsel offered to make an unsworn statement concerning the status of the money. The military judge denied the request, stating, "[t]hat's going to cause a potential reopening of the evidence and it's untimely." After deliberation, the court members sentenced appellant.

In his post-trial submission, appellant raised the military judge's ruling as an error. In an addendum to his recommendation, the staff judge advocate responded, "While I do not find the court's ruling clearly erroneous, some prejudice may have accrued to the accused as a result of the stringent ruling. I recommend a reduction in the fine to offset any such prejudice...." As a result of this recommendation, the convening authority reduced the fine from $23,100.00 to $15,000.00 and eliminated the provision for additional confinement if the fine was not paid.

Appellant contends that it was error not to permit him to provide the court with the requested information. To support his contention, he cites those cases in which it has been held that the military judge erred by refusing to permit the court members to call or recall a witness. *See United States v. Lampani*, 14 M.J. 22 (C.M.A.1982); *United States v. Lents*, 32 M.J. 636 (A.C.M.R.1991). We do not believe those cases are applicable here, because appellant elected to make an unsworn statement and could not be questioned by the court-

martial or cross-examined by trial counsel on that statement. *See* R.C.M. 1001(c)(2)(C). His unsworn statement was not limited by the military judge. *See United States v. Rosato*, 32 M.J. 93 (C.M.A.1991). No rebuttal to appellant's unsworn statement was presented by the government. *See United States v. Provost*, 32 M.J. 98 (C.M.A.1991). Appellant was permitted the procedures provided by law and had exercised his rights under those procedures. His request to present additional information was essentially a request to reopen his case. The determination not to permit him to reopen his case was in the sound discretion of the military judge. *See* R.C.M. 913(c)(5); *United States v. Ray*, 26 M.J. 468 (C.M.A.1988). We hold that the military judge did not abuse his discretion.

Even assuming error, the information concerning the disposition of the stolen money orders can generally be determined from the stipulation of fact. In addition, the convening authority's action, based upon the staff judge advocate's recommendation, removed any possible prejudice to appellant. Under these circumstances, appellant is not entitled to further relief.

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.