UNITED STATES, Appellee,

v.

Specialist Lee F. BLACKMON,
392–90–9467, United States
Army, Appellant.

ACMR 9301304.

U.S. Army Court of Military Review.

25 May 1994.

For Appellant: Captain Blair M. Jacobs, JAGC (argued); Major Robin L. Hall, JAGC (on brief).

For Appellee: Major Kenneth T. Grant, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

In accordance with his pleas, the appellant was found guilty by a general court-martial of violating a lawful general regulation, making a false official statement, three specifications of larceny, two specifications of wrongful appropriation of military property, wrongful appropriation of private property, and unlawful entry in violation of Articles 92, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 921 and 934 (1988). The court, composed of officer and enlisted members, sentenced the appellant to a bad-conduct discharge, confinement for twelve months, total forfeitures, and reduc-

tion to Private E1. A pretrial agreement contained a provision for suspending confinement in excess of one year and a day, but allowed all other lawfully adjudged punishment. The convening authority approved a sentence consisting of a bad-conduct discharge, confinement for twelve months, and reduction to Private E1.

This opinion will address two errors asserted by the appellant. He asserts that his plea to one of the wrongful appropriations was improvident because the military judge did not elicit a factual predicate to support his plea. He also asserts that the military judge erred by not allowing him to answer the questions of a panel member in response to his unsworn statement. We disagree on the first assertion of error and hold that the plea of guilty to the wrongful appropriation is provident. However, we agree with the second assertion of error and hold that the military judge did err in the sentencing portion of the trial and we will return the case for a rehearing on sentence.

### I. Providence of the Pleas

The only facts of the case that need to be stated relate to the wrongful appropriation offense. The appellant did not like his first sergeant and wanted to embarrass him. He decided to rent movies using the first sergeant's social security number from the local Army and Air Force Exchange outlet and return them late so the first sergeant would have to pay a late fee. He paid the required fee to rent the movies for twenty-four hours. Unfortunately for the appellant, he discovered that there was no means for him to return the movies without paying the overdue charge himself. The appellant testified during his unsworn statement on sentencing:

What I was planning on doing was just having him be embarrassed and have to pay the late fee. You know, I was going to keep it one or two days and then, you know, take them back. But I wasn't really thinking the whole thing through and when I was going to return them, you know, I got half-way there and I was thinking how am I going to lay them down without them seeing me dropping them off and tell me to pay for them, and that was defeating the whole purpose of me doing it.

And so I went back to my room, you know, and said well, I'll think of a way to get them back to them.

The appellant kept the movies until they were subsequently confiscated from his barracks room.

■■■ Before accepting a plea of guilty, the military judge is required to explain to the accused each element of the offense and elicit an admission of sufficient facts to establish every element charged. Rule for Courts–Martial 910(e) [hereinafter R.C.M.]; *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). The factual circumstances elicited from the accused must objectively support the plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). If inconsistencies arise during the providence inquiry, the military judge should conduct further factual inquiry to resolve the matter. *United States v. Sims*, 33 M.J. 684 (A.C.M.R. 1991). A structured formalistic procedure is not required; instead, the *entire* providence inquiry must be examined to ascertain if the accused was adequately advised of his right to plead not guilty, and advised of the elements of the offenses, and that the appellant admits to the factual basis of the offenses. *See United States v. Crouch*, 11 M.J. 128, 129 (C.M.A.1981); *United States v. Silver*, 35 M.J. 834, 835 (A.C.M.R.1992).

The elements of the offense of wrongful appropriation are that: (1) property was wrongfully taken, (2) that the property belonged to a certain person, (3) the property was of some value, and (4) the taking was with the intent to temporarily deprive the owner of the use and benefit of the property or to temporarily appropriate it to somebody else's use or benefit. Manual for Courts–Martial, United States, 1984, Part IV, para. 46(b)(2).

■■■ The appellant admitted during the providence inquiry that after he learned he could not return the video tapes to the store without seeing a clerk and paying the late fee, he kept the tapes until he could determine how he could return them unnoticed. This clearly shows his admission to the elements necessary for the offense of wrongful appropriation. He admitted to wrongfully withholding the tapes, that the tapes belonged to the Army and Air Force Exchange,

that the tapes were of some value, and that he temporarily intended to deprive the rightful owner of the use and benefit of those tapes until he could decide how to return them. Accordingly, we hold that his plea to the offense of wrongful appropriation of the tapes was provident.

## II. The Court Member's Question

In the sentencing portion of the trial, the appellant made an unsworn statement. At the conclusion of this statement, a court member informed the military judge that he had a question for the appellant. The military judge determined that the appellant could not be questioned about his unsworn statement and denied the court member's request to ask the question. The military judge did not have the question marked as an exhibit nor have it included in the record of trial. The parties at trial were not shown the question. Therefore, the substance of the question is not known.

The trial defense counsel, at a side-bar conference, requested "to see the questions that the panel has, and if we can answer them." The military judge denied the request stating that since the appellant cannot be questioned on his unsworn statement by court members, there was no reason to look at the question.

This court recently issued a decision on a very similar issue. *United States v. Martinsmith,* 37 M.J. 665, 667 (A.C.M.R.1993). In that case, the accused pled guilty to conspiracy to commit larceny and larceny. He made an unsworn statement on sentencing. A court member wanted to ask a question about what happened to the proceeds of the larceny. The trial defense counsel offered to make either a sworn or an unsworn statement concerning the money. The military judge denied the request. This court stated:

> [The] appellant elected to make án unsworn statement and could not be questioned by the court-martial or cross-examined by trial counsel on that statement. *See* R.C.M. 1001(c)(2)(C). His unsworn statement was not limited by the military judge. *See United States v. Rosato,* 32 M.J. 93 (C.M.A.1991). No rebuttal to appellant's unsworn statement was presented by the government. *See United States v. Provost,* 32 M.J. 98 (C.M.A.1991). Appel-

lant was permitted the procedures provided by law and had exercised his rights under those procedures. His request to present additional information was essentially a request to reopen his case. The determination not to permit him to reopen his case was in the sound discretion of the military judge. *See* R.C.M. 913(c)(5); *United States v. Ray,* 26 M.J. 468 (C.M.A. 1988). We hold that the military judge did not abuse his discretion.

*Martinsmith,* 37 M.J. at 667.

 The military judge is "more than a mere referee" and he has a duty to insure the accused receives a fair trial. *United States v. Graves,* 1 M.J. 50, 53 (C.M.A.1975). He has discretion to determine whether a party can reopen its case. R.C.M. 913(c)(5); *United States v. Ray,* 26 M.J. 468, 471 (C.M.A.1988) (military judge has discretion to allow a party to reopen their case and the moving party should proffer some reasonable excuse for its request). The military judge was correct in his application of R.C.M. 1001(c)(2)(C) that the appellant could not be questioned by the court members concerning his unsworn statement. As did counsel in *Martinsmith,* the trial defense counsel essentially was attempting to reopen his case. The military judge's denial of the request to see the question prevented the trial defense counsel from knowing how to further proceed. His failure to have the question marked as an exhibit prevents this court from properly considering the issue on appellate review. Accordingly, we find that the military judge abused his discretion, and the appellant did not receive a fair hearing on his sentence.

We have considered the other error raised by the appellant and also find it to be without merit.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge MORGAN and Judge GONZALES concur.