**UNITED STATES**

v.

**Airman First Class Raymond T. SATTERLEY, III, United States Air Force.**

**ACM 33214.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 20 Feb. 1998.

Decided 14 Dec. 1999.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Major Thomas R. Uiselt.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Bryan T. Wheeler.

Before SNYDER, Chief Judge, SENANDER, Senior Judge, and SPISAK, Senior Judge.

## OPINION OF THE COURT

SNYDER, Chief Judge:

Does a military judge abuse his discretion by denying defense counsel's request to reopen the defense case to respond to a court member's question solely via an additional unsworn statement by the accused? We hold that he does not.

Appellant was convicted, consistent with his pleas, by a general court-martial, of absence without leave, willful destruction of military property, and larceny. Articles 86, 108, and 121, UCMJ, 10 U.S.C. §§ 886, 908, 921. His approved sentence is a dishonorable discharge, 42 months' confinement, and reduction to E–1.

### I. Background

After both sides rested and the military judge had given his instructions on sentencing, members of the court-martial posed several questions. One question was what happened to the four laptop computers not recovered by the government. Five computers had been recovered. During an Article 39a, UCMJ, 10 U.S.C. § 839(a), session, the military judge suggested to counsel for both sides that the answer to the member's question is, "we don't know." Defense counsel, however, responded:

DC: Right. There is no evidence. I believe that you have the discretion to allow us to answer that question.

MJ: Oh.

DC: We have not decided yet what's in our client's best interest. We've discussed it and we'd like to talk about it. We do have the night. I believe if he wanted to tell them, the members can ask for additional information.

MJ: That is true. But they can't ask somebody who has given an unsworn statement.

DC: Exactly. But they can't force him to do it, but I think if he wanted to volunteer that information, he could.

MJ: Well the best I will allow you to do, defense counsel, is if you decide that you want to provide that information to the court members, if both sides are willing to

stipulate to that, then I will certainly allow you to present a stipulation of fact. Other than that, I am not going to allow your client just to answer a question like that. Even though I agree, I think I could. He gave an unsworn statement and as I've instructed a couple of times, they can't interrogate him on that or ask him any questions about that, including a question like this. So I am not inclined to let him just answer it. But that doesn't mean that you two can't work out a stipulation of fact or even a stipulation of expected testimony, although I don't know who it would be the expected testimony of. But I will let you worry about that tonight and see if you can come up with an answer to that.

The next morning, after determining the counsel had no other suggestions for answering the member's question, the military judge instructed the members there was no evidence before them as to the disposition of the other computers. During the next Article 39a, UCMJ, session, trial defense counsel informed the military judge that it appeared to him that a court member was not happy with the answer and offered to have his client say what happened if the military judge wouldn't prohibit his client from telling the court members.

The military judge responded:

No, I didn't say that. What I said is he can't provide that information to them over the objection of the trial counsel in the form of an unsworn statement.[1] If your client wants to get on the stand and testify under oath as to those matters, I will let you reopen your case on that. But then, of course, he would be subject to cross-examination by trial counsel and questioning by the court members. I will certainly consider that. Also if both sides were able to work out some kind of stipulation of fact, I would certainly allow that as well.

Trial defense counsel then requested the military judge provide the members a curative instruction. Upon reconvening with the members present, the military judge instructed the members that the information regarding the unrecovered computers was

---

1. Trial counsel did not interpose an objection.

not available, they were not to speculate with regards thereto, and then repeated the instruction on an unsworn statement to ensure that no adverse inference would be drawn against the accused.

## II. The Law

■ The standard of appellate review on the issue of whether the military judge erred in refusing to permit the defense to reopen its case after resting in order to make an additional unsworn statement is abuse of discretion. *United States v. Martinsmith*, 41 M.J. 343, 348 (1995) (citing *United States v. Ray*, 26 M.J. 468, 470–71 (C.M.A.1988), *cert. denied*, 488 U.S. 1010, 109 S.Ct. 797, 102 L.Ed.2d 788 (1989); *United States v. Paz*, 927 F.2d 176, 179 (4th Cir.1991)); Rule for Courts–Martial (R.C.M.) 913(c)(5). The factual scenario of the instant case properly presents the question which our superior court, in *Martinsmith*, reserved for another day. *Martinsmith*, 41 M.J. at 349.

First, it is essential to delineate what we are not concerned with in the instant case. We are not dealing with a situation where the military judge prevented appellant from including certain information in his unsworn statement. *Cf. United States v. Jeffery*, 48 M.J. 229 (1998) (accused precluded from stating he would be discharged administratively if court-martial did not impose a punitive discharge); *United States v. Grill*, 48 M.J. 131 (1998) (accused precluded from informing members how civilian co-conspirators' cases were handled). Neither are we dealing with ambiguity as to how appellant desired to respond to the court member's question. *Cf. Martinsmith*, 41 M.J. at 348 (Court questioned whether "sworn statement" meant sworn testimony subject to cross-examination or something else); *but see id.* at 349–50 (Gierke, J., concurring in the result). Appellant clearly desired to respond to the question solely via another unsworn statement.

■ Current precedents provide that an accused's allocution rights are special and may not be curtailed without good cause. *See United States v. Provost*, 32 M.J. 98, 99 (C.M.A.1991); *United States v. Rosato*, 32 M.J. 93, 96 (C.M.A.1991). Further, the court-martial has equal opportunity to obtain witnesses and other evidence, subject to any regulation or restriction imposed by the President. Article 46, UCMJ, 10 U.S.C. § 846; Mil.R.Evid. 614; *Martinsmith*, 41 M.J. at 347. However, as reflected in the plain language of Article 46 and Mil.R.Evid. 614, this authority is not unlimited, and the military judge may prohibit the court-members from calling a certain witness when appropriate. *Martinsmith*, 41 M.J. at 348 (citing *United States v. Lampani*, 14 M.J. 22, 26 (C.M.A.1982)). One basis for prohibiting the members from calling a witness is that the testimony might be subject to a privilege, which is the situation in the instant case. *Id.*

R.C.M. 1001(c)(2)(C) provides in part that an "accused may make an unsworn statement and may not be cross-examined by the trial counsel upon it *or examined upon it by the court-martial.*" (emphasis added). This qualified privilege required the military judge to instruct the court members that appellant could not be questioned after completing his unsworn statement. *Martinsmith*, 41 M.J. at 348. This does not settle the controversy, however, because the holder of any privilege may waive it. *See* Mil. R.Evid. 510. The question, then, we conclude, is not whether appellant's right to make an unsworn statement was curtailed, but whether he effectively waived or offered to waive his privilege not to be questioned thereon and then was improperly denied the opportunity to present evidence after waiving his privilege. We hold that he refused to waive his privilege.

With regards to the first prong of our analytical model, we note, as did our superior court in *Martinsmith*, that appellant had exercised his right to make an unsworn statement without any restriction, but elected not to include the information sought by the court members. *See Martinsmith*, 41 M.J. at 349. Whether this was by oversight or incomplete foresight is immaterial. This was not a situation where appellant and his counsel realized they had forgotten to mention certain information in the unsworn statement and then requested the military judge to allow them to reopen their case prior to the members raising any questions. Why should timing influence the result? Because un-

sworn statements are not evidence. *Provost,* 32 M.J. at 99. Whenever court members ask a relevant question on other than procedural matters, the only proper method for answering the question is by the introduction either of physical, documentary, or testimonial evidence.

Testimonial evidence can be introduced only by a witness, whether via live testimony or other available means, *i.e.,* deposition or stipulation of expected testimony. Further, all witnesses must testify under oath or affirmation.

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so.

Mil.R.Evid. 603; *see* R.C.M. 807(b)(1)(B).

■ While an unsworn statement is an authorized means for an accused to bring information to the attention of the court-martial during sentencing proceedings, it is not evidence because, when presenting it, the accused is not a witness testifying under oath. *Id.;* R.C.M. 1001(c)(2)(C); *Provost,* 32 M.J. at 99. Consequently, the presidential privilege granted by R.C.M. 1001(c)(2)(C), which prohibits questions or cross-examination of an unsworn accused, is consistent with the rules applicable to witnesses generally. Our review of these rules leads us to conclude that, when an accused specifically seeks to respond to a question from the court members, he or she in effect is seeking to become a witness, because the response must be evidence, and only a sworn witness can provide testimonial evidence. To become a witness during sentencing, however, an accused first must waive the privilege granted by R.C.M. 1001(c)(2)(C) and testify under oath. Otherwise, the military judge must rule that the accused refuses to waive the privilege and then offer the defense a means other than an unsworn statement by which an evidentiary answer may be provided.

### III. Application to Instant Case

■ We now apply these principles to the instant case. After the prosecution and defense had rested their respective sentencing cases, and a member later asked what happened to the laptop computers which were not recovered, the dynamics of the trial changed significantly. The members did not make a casual inquiry but exercised their statutory authority to request *evidence* to answer their question. Otherwise, their request fell outside the parameters of their authority. *See* Article 46, UCMJ; Mil. R.Evid. 614(a). Further, any evidence submitted in response to their question had to be in a form which complied with the Military Rules of Evidence. In view of the fact that the member's question was quite reasonable and relevant, the military judge's only real concern was how the evidence to answer the question, if available, might be presented. He made it clear to trial defense counsel that he would permit alternatives to an unsworn statement, but the answer had to be evidence.

Trial defense counsel, however, advised the military judge in no uncertain terms that appellant desired to answer the member's question only through an unsworn statement. By adhering to this stance, appellant asserted that he did not want the trial counsel or the court members to question him or seek to elaborate on what he presented, which was his right. R.C.M. 1001(c)(2)(C). The necessary consequence of appellant's assertion of his privilege, however, was that he could not answer via an unsworn statement because the members requested evidence, and appellant's unsworn answer would not have been evidence. Article 46, UCMJ; *see* Mil.R.Evid. 603. There is nothing in the applicable rules which allows an accused to agree to answer questions or authorizes the military judge to permit such questioning or cross-examination during or after an unsworn statement. Therefore, allowing the appellant, without first being sworn, to answer a question which might be beneficial to him would circumvent R.C.M. 1001(c)(2)(C) and be a clear violation of the protections and limitations built into that rule, and also would circumvent the other rules which govern the introduction of evidence in trials by courts-martial. Accordingly, the military judge was entirely correct when he advised trial defense counsel that, if appellant was going to be the source of testi-

monial evidence, appellant would have to testify under oath.

"[V]iewed in the context that [appellant] had previously exercised his right to make an unsworn statement and he had not chosen to make this matter an important part of it[,]" *Martinsmith,* 41 M.J. at 349, we conclude Judge Gabrial did not abuse his discretion by refusing to allow the appellant to reopen his case for the sole purpose of answering the member's question via another unsworn statement. Faced with appellant's refusal to waive his qualified privilege, Judge Gabrial offered appellant the alternative of entering into a stipulation. This was a reasonable alternative by which to present the requested evidence in a manner which complied with the Military Rules of Evidence. Trial defense counsel, however, refused this alternative. Appellant cannot now be heard to complain because he insisted on, and received enforcement of, his privilege not to testify under oath.

## IV. Conclusion

The findings are correct in law and fact, the sentence is not inappropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SENANDER[2] and Senior Judge SPISAK concur.

---

2. Senior Judge Senander participated on this case prior to his retirement.