IN THE CASE OF


UNITED STATES, Appellee

v.


Raymond T. SATTERLEY, III, Airman First Class
U.S. Air Force, Appellant


No. 00-0283


Crim. App. No. 33214

United States Court of Appeals for the Armed Forces

Argued October 10, 2000

Decided June 18, 2001

SULLIVAN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE and BAKER, JJ., joined.  EFFRON, J.,
filed a dissenting opinion.

<u>Counsel</u>


For Appellant:  <u>Captain Shelly W. Schools</u> (argued); <u>Colonel Jeanne M. Rueth,</u>
<u>Lieutenant Colonel James R. Wise</u>, and <u>Major Thomas R. Uiselt</u> (on brief);
<u>Lieutenant Colonel Timothy W. Murphy</u>.


For Appellee:  <u>Captain Christa S. Cothrel</u> (argued); <u>Colonel Anthony P. Dattilo</u>
and <u>Lieutenant Colonel Ronald A. Rodgers</u> (on brief).


Military Judge: Steven A. Gabrial

<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION</u>.

Judge SULLIVAN delivered the opinion of the Court.

During February of 1998, appellant was tried by a general court-martial composed of officer members at Travis Air Force Base, California. In accordance with his pleas, he was found guilty of absence without leave, willful destruction of military property (3 specifications), and larceny of military property (4 specifications), in violation of Articles 86, 108, and 121, Uniform Code of Military Justice, 10 USC §§ 886, 908, and 921, respectively. He was sentenced to a dishonorable discharge, confinement for 42 months, total forfeitures, and reduction to the lowest enlisted grade. On April 29, 1998, the convening authority disapproved the forfeitures but otherwise approved the sentence, and on December 14, 1999, the Court of Criminal Appeals affirmed. 52 MJ 782 (1999).

On May 10, 2000, this Court granted review on the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS
> DISCRETION BY DENYING DEFENSE COUNSEL'S
> REQUEST TO REOPEN THE DEFENSE CASE TO MAKE
> AN ADDITIONAL UNSWORN STATEMENT TO ADDRESS
> A COURT MEMBER'S QUESTION.

We hold that the military judge's denial of the defense request to make an additional unsworn statement was not an abuse of his discretion. See United States v. Martinsmith, 41 MJ 343 (1995); cf. United States v. Provost, 32 MJ 98 (CMA 1991).

Appellant pleaded guilty to several specifications of larceny, in violation of Article 121, UCMJ. As part of those pleas, he entered into a stipulation of fact concerning the stolen property. It was stipulated that he stole nine computers but only five were recovered by the Government. (Prosecution Exhibit 1). No other evidence was presented as to the whereabouts of the four remaining computers. Prior to sentencing, appellant made a lengthy unsworn statement which at least indirectly referenced the unrecovered computers. He stated: "Last fall I took several computers from buildings 241 and 242. I took them without permission and without leaving any indication of their whereabouts." (R. 242).

The Court of Criminal Appeals found additional facts concerning the granted issue. It said:

### I. Background

> After both sides rested and the military judge had given his instructions on sentencing, members of the court-martial posed several questions. One question was what happened to the four laptop computers not recovered by the government. Five computers had been recovered. During an Article 39(a), UCMJ, 10 USC § 839(a), session, the military judge suggested to counsel for both sides that the answer to the member's question is, "we don't know." Defense counsel, however, responded:

> DC: Right. There is no evidence. I believe that you have the discretion to allow us to answer that question.

> MJ: Oh.

> DC: We have not decided yet what's in our client's best interest.

We've discussed it and we'd like to talk about it. We do have the right. I believe if he wanted to tell them, the members can ask for additional information.

MJ: That is true. But they can't ask somebody who has given an unsworn statement.

DC: Exactly. But they can't force him to do it, but I think if he wanted to volunteer that information, he could.

MJ: Well the best I will allow you to do, defense counsel, is if you decide that you want to provide that information to the court members, if both sides are willing to stipulate to that, then I will certainly allow you to present a stipulation of fact. Other than that, I am not going to allow your client just to answer a question like that. Even though I agree, I think I could. He gave an unsworn statement and as I've instructed a couple of times, they can't interrogate him on that or ask him any questions about that, including a question like this. So I am not inclined to let him just answer it. But that doesn't mean that you two can't work out a stipulation of fact or even a stipulation of expected testimony, although I don't know who it would be the expected testimony of. But I will let you worry about that tonight and see if you can come up with an answer to that.

The next morning, after determining the counsel had no other suggestions for answering the member's question, the military judge instructed the members there was no evidence before them as to the disposition of the other computers. During the next Article 39(a), UCMJ, session, trial defense counsel informed the military judge that it appeared to him that a court member was not happy with the answer and offered to have his client say what happened if the military judge

4

> wouldn't prohibit his client from telling the court members.
>
> The military judge responded:
>
>> No, I didn't say that. What I said is he can't provide that information to them over the objection of the trial counsel in the form of an unsworn statement. [1] _If your client wants to get on the stand and testify under oath as to those matters, I will let you reopen your case on that._ But then, of course, he would be subject to cross-examination by trial counsel and questioning by the court members. I will certainly consider that. _Also if both sides were able to work out some kind of stipulation of fact, I would certainly allow that as well._
>
> Trial defense counsel then requested the military judge provide the members a curative instruction. Upon reconvening with the members present, _the military judge instructed the members that the information regarding the unrecovered computers was not available, they were not to speculate with regards thereto_, and then repeated the instruction on an unsworn statement to ensure that no adverse inference would be drawn against the accused.
>
> _____
>
> [1] Trial counsel did not interpose an objection.

52 MJ at 783-84 (emphasis added).

Appellant submitted a post-trial affidavit to this Court. He asserted that he would have told the court members in an unsworn statement that he "disposed of the four unrecovered computers by placing them into two different dumpsters which were located off-base in Fairfield, California."

5

___  ___  ___

Appellant contends that the military judge erred by "refusing to permit the defense to reopen its case after resting in order to make an additional unsworn statement."  (Final Brief at 6). He notes that a similar issue was raised, but not decided, in United States v. Martinsmith, 41 MJ at 349, and that various service courts have split on this question.  Compare United States v. Whitt, 9 MJ 953, 958 (NCMR 1980) (an accused may present further unsworn testimony), with United States v. Blackmon, 39 MJ 1091, 1093 (ACMR 1994) (not an abuse of discretion to deny further unsworn testimony).  Appellant asserts that the trial judge had discretion in this matter, but he argues that the judge abused that discretion when the judge denied his request without good cause.  (Final Brief at 5-6); see United States v. Satterley, 52 MJ at 784. [1]

The unsworn statement of a military accused is provided for in RCM 1001(c)(2)(A), Manual for Courts-Martial, United States (1995 ed.). [2]  It states:

> (2)  Statement by the accused.
>
> (A)  In general.  The accused may testify, make an unsworn statement, or both in extenuation, in mitigation or to

---

[1]  The military judge did not hold that appellant was per se barred from answering the members' questions or responding to those questions with an additional unsworn statement.  ("I will certainly allow you to present a stipulation of fact.  Other than that, I am not going to allow your client just to answer a question like that.  Even though I agree, I think I could.") 52 MJ at 783 (emphasis added).

[2]  All Manual provisions are cited to the version applicable at trial.  The current version is unchanged unless otherwise indicated.

> rebut matters presented by the
> prosecution, or for all three purposes
> whether or not the accused testified prior
> to findings. The accused may limit such
> testimony or statement to any one or more
> of the specifications of which the accused
> has been found guilty. This subsection
> does not permit the filing of an affidavit
> of the accused.

(Emphasis added); see also RCM 1001(c)(2)(C) (prohibition on trial counsel cross-examination and member questioning an accused on his unsworn statement but providing for rebuttal by prosecution).

Here, appellant was initially allowed to make an unsworn statement without any limitation by the military judge. Cf. United States v. Rosato, 32 MJ 93, 95-96 (CMA 1991) (military judge improperly limited unsworn statement of an accused based on collateral consequences doctrine). However, after he rested his case, he was not allowed to make a second unsworn statement in response to later questions by court members. See United States v. Martinsmith, 41 MJ at 348-49. We have held that it is error under the above rules for a military judge to deny an additional unsworn statement in surrebuttal circumstances. See United States v. Provost, 32 MJ at 99 (holding additional unsworn statement in surrebuttal must be permitted where Government presented substantial evidence rebutting an accused's initial unsworn statement); see also RCM 1001(d) (rebuttal and surrebuttal may continue in discretion of military judge).

This Court has considered a soldier's right of allocution to be a traditional and valuable right (see United States v. Rosato,

United States v. Satterley, 00-0283/AF

supra at 96) and has broadly applied it in this light.  See
United States v. Grill, 48 MJ 131, 133 (CMA 1998).  Moreover, we
have long recognized a military judge's general responsibility to
ensure a fair trial in light of the unique circumstances of the
case before him.  See generally United States v. Graves, 1 MJ 50,
53 (CMA 1975).  Accordingly, we conclude that there may be other
circumstances beyond legitimate surrebuttal which may warrant an
additional unsworn statement.  See generally RCM 801(a)(3)
("Subject to the code and this Manual, [the military judge shall]
exercise reasonable control over the proceedings to promote the
purposes of these rules and this Manual"); Mil. R. Evid. 611(a),
Manual, supra.

     Nevertheless, whether such circumstances exist in a
particular case is a matter properly imparted to the sound
discretion of the trial judge.  Id.; see also RCM 913(c)(5) and
921(b) (discretionary power of judge to reopen case).  For
several reasons, we conclude that the military judge did not
abuse this discretion in refusing to allow appellant to make an
additional statement, not sworn under oath or subject to cross-
examination.  See generally United States v. Travers, 25 MJ 61,
62-63 (CMA 1987) (general definition of a trial judge's
discretion).

     First, appellant had already exercised his right to make an
unsworn statement and elected not to particularly disclose the
whereabouts of the four missing computers in that statement.  See
United States v. Martinsmith, 41 MJ at 349.  Second, he also had

rested his case, both sides had made closing arguments, and the military judge had given final instructions to the court-martial panel members.  See generally United States v. Fisiorek, 43 MJ 244, 248 (1995) (delineating general considerations against reopening a case).  Third, the military judge gave protective instructions that the requested information was not available and no adverse inference should be drawn against appellant.  Fourth, whether the four computers were placed in off-base dumpsters, as asserted by appellant in his post-trial affidavit, raised a question of fact that could have been disputed by the prosecution, thus belatedly protracting this litigation.  See United States v. Martinsmith, supra.  Finally, the military judge offered appellant reasonable alternatives to a second unsworn statement which would promptly and reliably evidence the whereabouts of the four computers, i.e., a stipulation of fact, which had previously been used to evidence the whereabouts of the five recovered computers, or sworn testimony.  See Mil. R. Evid. 614.  In these circumstances, we find that the judge did not abuse his discretion in denying appellant's request to make a second unsworn statement.

This case is not like United States v. Provost, supra.  As noted above, we held there that it was error for a trial judge to refuse to let the defense present an additional unsworn statement in surrebuttal.  However, in that case, the prosecution had introduced substantial evidence rebutting the accused's first unsworn statement.  See RCM 1001(c)(2)(A) ("The accused may testify, make an unsworn statement, or both in extenuation, in

mitigation or to rebut matters presented by the prosecution, . . . .") (emphasis added).  This type of Manual violation was not present in appellant's case because the prosecution presented no rebuttal evidence to appellant's initial unsworn statement.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Satterley, No. 00-0283/AF


EFFRON, Judge (dissenting):


The members of a court-martial panel serve as the decision makers on findings and sentence. Art. 52, UCMJ, 10 USC § 852. Members of the court-martial may interrogate witnesses through the submission of questions to the military judge. Mil. R. Evid. 614(b), Manual for Courts-Martial, United States (2000 ed.); see also Art. 46, UCMJ, 10 USC § 846 (providing that members of a court-martial, trial counsel, and defense counsel have an equal opportunity to obtain witnesses and other evidence). Given the critical role of the court-martial panel, the nature of the questions posed by members is a matter of vital importance to the parties.

In a larceny case, if the members seek to ask a question during findings or sentencing concerning the disposition of the property at issue, the accused has the right to address that matter during his or her unsworn statement on sentencing, regardless of whether evidence has been introduced on that matter. RCM 1001(c)(2)(C), Manual, supra; United States v. Rosato, 32 MJ 93 (CMA 1991). The Government then has the opportunity to submit matter in rebuttal, and the accused may make a further unsworn statement in surrebuttal. RCM

1001(c)(2)(C); see United States v. Provost, 32 MJ 98 (CMA 1991).

In the context of the right to make a second unsworn statement, we have emphasized that the opportunity of a military accused to make an unsworn statement is a "valuable right" that has been "generally considered unrestricted." Rosato, supra at 96, citing United States v. Partyka, 30 MJ 242, 246 (CMA 1990), and William Winthrop, Military Law and Precedents 299 (2d ed. 1920 Reprint). That right is no less valuable when the members, for the first time, raise an issue pertinent to sentencing after an accused has provided an unsworn statement. Any concerns about protracted litigation at that stage are not materially different from the concerns that must be addressed when an accused addresses the issue in his or her initial unsworn statement. The military judge has the same means of controlling the proceedings in either case.

Appellant in this case was deprived of the valuable right to make an unsworn statement on a matter of import to the sentencing authority. I would reverse and remand for a new sentencing proceeding.