EFFRON, Judge
(dissenting):
The members of a court-martial panel serve as the decision makers on findings and sentence. Art. 52, UCMJ, 10 USC § 852. Members of the court-martial may interrogate witnesses through the submission of questions to 'the militáry judge. Mil.R.Evid. 614(b), Manual for Courts-Martial, United States (2000 ed.); see also Art. 46, UCMJ, 10 USC § 846 (providing that members of a court-martial, trial counsel, and defense counsel have an equal opportunity to obtain witnesses and other evidence). Given the critical role of the court-martial panel, the *172 nature of the questions posed by members is a matter of vital importance to the parties.
In a larceny case, if the members seek to ask a question during findings or sentencing concerning the disposition of the property at issue, the accused has the right to address that matter during his or her unsworn statement on sentencing, regardless of whether evidence has been introduced on that matter. ROM 1001(c)(2)(C), Manual, supra; United States v. Rosato, 32 MJ 93 (CMA 1991). The Government then has the opportunity to submit matter in rebuttal, and the accused may make a further unsworn statement in surre-buttal. RCM 1001(c)(2)(C); see United States v. Provost, 32 MJ 98 (CMA 1991).
In the context of the right to make a second unsworn statement, we have emphasized that the opportunity of a military accused to make an unsworn statement is a “valuable right” that has been “generally considered unrestricted.” Rosato, supra at 96, citing United States v. Partyka, 30 MJ 242, 246 (CMA 1990), and William Winthrop, Military Law and Precedents 299 (2d ed.1920 Reprint). That right is no less valuable when the members, for the first time, raise an issue pertinent to sentencing after an accused has provided an unsworn statement. Any concerns about protracted litigation at that stage are not materially different from the concerns that must be addressed when an accused addresses the issue in his or her initial unsworn statement. The military judge has the same means of controlling the proceedings in either case.
Appellant in this case was deprived of the valuable right to make an unsworn statement on a matter of import to the sentencing authority. I would reverse and remand for a new sentencing proceeding.